## Cunningham, *Adm'r, versus* Batchelder.

In the Judge's instructions to the jury, a remark that, in relation to a position taken by one of the parties, he had perceived no evidence in support of that position, but still referring it to the jury to settle the case upon the evidence, is not such an interference with the province of the jury, as to sustain exceptions.

In an action upon a promissory note, a receipt in full of all demands, given by the plaintiff to the defendant, will, if unexplained or uncontradicted, defeat the action.

Assumpsit, upon four promissory notes made to the plaintiff's intestate by the defendant.

The defendant read in evidence a paper dated subsequently to the giving of the notes, and purporting to be a receipt of one dollar from the defendant, "in full of all demands," and to be signed by the intestate. It was dated March 12, 1847.

As to the genuineness of the receipt evidence was offered by both parties.

The plaintiff's counsel contended that it was a forgery, and also that, if genuine, the jury might well infer, from the facts and circumstances in the case, that it was not designed by the parties to cut the notes.

Tenney, J. instructed the jury *that* the receipt, by its terms, would discharge the notes, if unexplained or uncontradicted; — *that* there was no evidence, that he was aware of, to show that said receipt if genuine was not designed to cut said notes; and *that*, if unexplained or uncontradicted, the only question for them to consider, was whether the receipt was genuine, or a forgery; and *that*, if they should find the receipt genuine and unexplained or uncontradicted, they would

find for the defendant. The verdict was for the defendant, and the plaintiff excepted to the above instructions.

*Abbott* and *Howes,* for the plaintiff.

There was a wrong in that portion of the Judge's address to the jury, which instructed them, that *he* was not aware of any evidence to show, that the receipt, if genuine, was not designed to cut the notes. The remark had a wrongful tendency to withdraw the attention of the jury from the evidence as to the genuineness of the paper, and the design for which, if genuine, it was given.

*Williamson,* for the defendant.

There was, also, in the case, a motion for a new trial, and much evidence was considered by the court upon that question. Some of that testimony is adverted to in their decision. But the exhibit of the evidence on that motion, is not deemed necessary for any elucidation of the *legal* point, if such it may be called, which was settled upon the exceptions.

TENNEY, J. — The receipt offered by the defendant, in full of all demands, was denied by the plaintiff to be genuine, who contended also, that if genuine, it was designed by the parties only as evidence of the discharge of the accounts of the plaintiff's intestate, upon the settlement of their mutual dealings, exclusive of notes of hand. The court instructed the jury that the receipt would discharge the notes in suit, if unexplained or uncontradicted; that there was not evidence, that it was aware of, that the receipt was not designed to discharge said notes; and if unexplained or uncontradicted, that the only question for them to consider, was whether the receipt was genuine or a forgery; and that if they should find the receipt genuine and unexplained or uncontradicted, their verdict would be for the defendant. Upon exceptions taken to these instructions, it is contended, that the remark, that the court was not aware of any evidence, that the receipt, if genuine, was not designed to discharge the notes, had a tendency to withdraw the attention of the jury from the evidence, which they should have considered.

The natural presumption is in favor of a receipt, and that presumption will prevail, till it is displaced by direct proof or strong circumstances.   And in case of doubtful claims, when a compromise takes place and receipts are given as final discharges between the parties, upon deliberate consideration and good faith, there is the greatest reason to uphold them.   But when there has been no such compromise ; when there has been an entire mistake of right, or unobserved comprehensiveness in the language, reaching beyond the matters under settlement, there would be gross injustice, in refusing the injured party an equitable relief.   The foregoing is substantially the language used by the court, in the case of *Harnden* v. *Gorden & al.* 2 Mason, 541, and is in accordance with the law applicable to receipts.

In the case at bar it is insisted, that the receipt could not have been intended to discharge the notes in suit, because those notes and also notes held by the defendant against Sherburn Batchelder were not given up.   The language of the receipt is sufficiently broad to embrace notes as well as accounts ; and it is not perceived how that which was deemed necessary to be the subject of a receipt as it regards the notes, should render its design so different from its plain import.   It was the business of the plaintiff to explain this, in order to limit the operation of the written evidence.

The omission to use this receipt in the trial of this action in the District Court, cannot be regarded as evidence, that it was intended to apply only to the account.   A party may, if he chooses withhold his evidence till the trial, which is expected to be final ; and the fact of his doing so, can hardly be considered as a circumstance tending to show the design of the parties in giving and taking a receipt to be other than that, which the receipt would clearly indicate.   The introduction in the District Court of another receipt of equivocal date and doubtful appearance, and no more comprehensive in its terms, could be no evidence to restrict the plain meaning of the one in question.

It could not have been expected, that the defendant, when

he called upon the counsel of the plaintiff, known by him to be already engaged as such, should have disclosed fully his defence; and his omission to do so, is not evidence, that a receipt which he then actually had, was intended by the parties to have a restricted effect.

The statement to the plaintiff's counsel, and afterwards repeated in writing under oath, on July 12, 1847, " that the estate held notes against him, then in suit in the District Court, which should be given in set-off to the amount of about two hundred and eighty-two dollars, was after he had commenced his suit for the recovery of his claim embracing the account, to which it is admitted on the part of the plaintiff, the receipt did apply, if genuine. It could not have been the defendant's design, to give to the receipt the meaning insisted upon, when in effect, he was contending for the same result, if the receipt was disregarded, to which the parties would come by giving it full effect.

But if the evidence adduced did tend to show that the receipt was not intended by the parties, as a discharge of the notes, were the instructions erroneous? The whole instructions are to be considered together, and therefrom it is to be determined whether the party taking exceptions has been injured. In connection with the remark complained of, the jury were instructed to find for the defendant only in the event that they should be satisfied that the receipt was genuine, and unexplained or uncontradicted. It was for the jury to know the evidence introduced, and to judge of its effect, and there was a submission to them, by implication at least, by language used and twice repeated of the question, whether the receipt was explained or contradicted. The remark of the Judge, that he was not aware of evidence upon this point, could not be treated by the jury as a direction or an intimation to them to disregard any of the evidence in the case, when it is considered in connection with what precedes, and what follows it.

The question of the genuineness of the receipt was submitted to the jury under all the evidence in the case, some of

which came from witnesses called by the defendant, whom we cannot doubt were well qualified to judge of such matters; and notwithstanding the court might come to a result differing from that of the jury, still it is not believed that they so clearly erred in their conclusion, as to allow the motion to set aside the verdict, to prevail.

*Exceptions and motion overruled.*