WILLIAM .W. VIRDIN *vs.* HENRY STOCKBRIDGE and WALTER B. MCATEE, Executors of JOHN W. MCCOY.

*Effect of Receipt.*

A receipt in full, in the absence of any evidence to invalidate it, is a complete bar to an action by the party who gave it.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, and MCSHERRY, J.

*Archibald Stirling,* (with whom were *Thomas G. Hayes* and *William Young,* on the brief,) for the appellant.

*Frank Gosnell,* and *Thomas M. Lanahan,* (with whom was *Henry Stockbridge,* on the brief) for the appellees.

The following authorities were referred to : *Danziger vs. Hoyt,* 120 *N. Y.,* 190, affirming same case in 46 *Hun,* 270 ; *Green vs. Rochester Co.,* 1 *Thomp. & Cook,* 5 ; *Chapman, Adm'r vs. Smoot and Wife,* 66 *Md.,* 8, 13 ; *Hoopes vs. Strasburger,* 37 *Md.,* 390, 400, 401, 403 ; *Trisler vs. Williamson,* 4 *H. & McH.,* 219, 221.

BRYAN, J., delivered the opinion of the Court.

Dr. William W. Virdin brought a suit against the executors of John W. McCoy to recover compensation for services rendered to the deceased in his life-time. In the bill of particulars filed with the declaration, the

v. 74.

plaintiff's cause of action is stated to be for "professional attendance and services, and work and labor as a practitioner of medicine, and in nursing" from the first day of January, 1881, to the twenty-ninth day of July, 1887. The evidence showed that the plaintiff had rendered assiduous and valuable services to the deceased. It also showed three receipts which were admitted to be in the hand-writing of the plaintiff. They were dated respectively March 11th, 1886; February 11th, 1887; and July 29th, 1887. The first one was stated on its face to be "in full for medical attendance, and for all debts, dues and demands." The second was stated to be "up to date in full." The last one was in these words :

"Boston, Mass., July 29th, 1887.

"Received of John W. McCoy the sum of two hundred and ninety dollars, in full for medical service and attendance up to date.

"$290.                    ·                    W. W. Virdin."

The plaintiff's claim is limited by his bill of particulars to services before and up to the twenty-ninth day of July, 1887 ; and the receipt just mentioned shows a payment in full for medical service and attendance up to that time. This receipt was only *prima facie* evidence, and the fact stated in it was liable to be explained, or contradicted and overthrown by other testimony. It set forth a settlement on the day of its date. And this implied that there was an ascertainment of the amount of money then due, and a payment of it. The plaintiff was at liberty to countervail this proof if he could do so, and show that there was a mistake in estimating the amount due, or that the money was not actually paid, or that there were circumstances of fraud and imposition connected with the transaction. But unless its effect was in some way qualified or impaired, it would neces-

Virdin *vs.* Stockbridge and McAtee, Ex'rs.

sarily establish a complete bar to the plaintiff's action, supposing that its truth was found by the jury ; and in this case no question of credibility of evidence can arise, because there is an admission in the record that the receipts are in the plaintiff's hand-writing. We see no evidence to impeach this receipt. The brother of the deceased was examined as a witness. He testified as follows in reference to the receipt of February, 1887 : "The receipt for $250.00, dated February 11th, was made in my brother's room ; I was in the lower part of the house and came up in the room, and Dr. Virdin was there ; he and my brother were there talking, and when I entered the room my brother said to me, 'I have had a settlement with Dr. Virdin, and he will give you a receipt,' and I said 'very well;' and the doctor managed to find a piece of paper of some kind or other and he gave the receipt ; he handed it to me, for I was in the habit of putting my brother's receipts away ; he handed it to me and I looked at it and said to my brother, 'this is not a proper receipt. I thought you settled in full with the doctor;' he said, 'so I did;' when I came in the room, my brother and Dr. Virdin were sitting there talking ; I said, 'if you have settled in full with the doctor, you ought to have a receipt in full;' he said 'yes;' he said, 'doctor do I owe you anything;' and he said 'no;' and my brother said 'give me a receipt in full;' and then he gave this receipt ; Dr. Virdin went in the other room and wrote the receipt and brought it in to me ; I filed that receipt away.'' There is no other evidence respecting this receipt. The plaintiff offered in evidence, a paper in lead pencil in the hand-writing of the deceased. It contains a number of calculations which foot up with the figures 290. They are not altogether intelligible, but they are evidently the basis of the settlement or adjustment on which the receipt of July, 1887, was given. Below the calculations is the draft

of a receipt, also in the hand-writing of the deceased, which is, word for word, date and all, the exact counterpart of the last receipt offered in evidence by defendants, and in the place for the signature there are the letters W. W. V., the plaintiff's initials. This paper was produced by the plaintiff, and had probably been in his possession ever since the execution of the receipt. McCoy died in August, 1889, and there is no evidence that the plaintiff ever made any objection to the calculation, or in any way expressed any dissatisfaction with the amount found to be due. The paper in no way impeaches the receipt, but, on the contrary, tends to sustain it. The plaintiff cannot recover for any services after July 29th, 1887 ; for, according to his bill of particulars, the services alleged and sued for ceased on that day ; on that very day a settlement is admitted to have been made, and there is no evidence to invalidate it. There was really no question for the jury, as the execution was admitted ; and the Court rightly ruled in effect that the receipt was a complete bar to the plaintiff's recovery. In *Bristow vs. Eastman,* 1 *Esp. Rep.,* 174, Lord KENYON says, " a receipt in full of all demands, when given with complete knowledge of all the circumstances, is a conclusive bar to the action ; and the party giving it shall not be allowed to rip up the transaction so closed and concluded." In *Fuller vs. Crittenden,* 9 *Connecticut,* 406, the Court, in a case where a receipt in full had been given, used language which is very applicable to this case. We quote it : " But lest it might be inferred, that the receipt was only evidence of the payment of so much money, the jury should have been instructed, that if the plaintiff executed the receipt, with a knowledge of the circumstances, and there was no mistake or surprise, on his part, or fraud or imposition on the part of the defendant, he was not entitled to recover." As the plaintiff cannot recover in this case,

it is unnecessary to consider the questions of evidence in the record.

In our opinion the judgment ought to be affirmed.

*Judgment affirmed.*

(Decided 17th June, 1891.)