[No. 3,835.]

## ELEANOR SLOAN *v.* WESLEY DIGGINS.

ATTACHING CONTRACT TO AN ANSWER.—If the defendant justifies an alleged trespass on the plaintiff's land, under a contract made with a superintendent of streets to grade a public street, and annexes a copy of the contract to his answer, and the plaintiff fails to file an affidavit denying the contract, its genuineness and due execution are admitted, and it is error to exclude it as evidence, when offered without proof of its execution and genuineness.

EFFECT OF ADMISSION OF GENUINENESS OF CONTRACT.—The admission of the genuineness and due execution of a contract, a copy of which is annexed to an answer, by a failure to file an affidavit denying it, is an ad-,

mission that the contract is what it purports on its face to be, and that the matters recited in it are true, and that it was executed and delivered by the parties who signed it, and in the capacity in which they appear to have acted.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

ᐧ Action for damages for a trespass alleged to have been committed on the plaintiff's lot, fronting on Jones street, in San Francisco, by dumping earth, rocks and gravel on the same, by which her house, fences and shrubbery were alleged to have been injured  The defendant justified under a contract with the Superintendent of Streets of the City and County of San Francisco.  A copy of the contract and assignments thereon was annexed to the answer.  The contract was for grading Jones street between Pacific street and Green street, and was between the Superintendent of Streets and several persons who were stated in the contract, to be the owners of the major part of the frontage of lots liable to be assessed for the improvement.  Under the street law of San Francisco, after a contract for improving a street had been awarded to a person, the owners of the major part of the front feet of the lots liable to be assessed for the improvement, could elect within five days to take the contract at the price at which it was awarded.  In this case the contract was awarded to W. H. Norton, and the owners of the major part of the feet front elected to take it, and after the contract with them had been executed, they assigned it to the defendant.  The street in front of the plaintiff's lot was below the grade some fourteen feet, or more, and the damage she sustained was caused by the overflow of earth on to her lot, in making the street of the required width at the surface.  The defendant, when the plaintiff rested, offered in evidence the contract with the superintendent, and the assignment thereon.  The plaintiff objected to its reception because there was no proof of the execution of the contract, or that it had been signed by a majority of the property owners, or by the superintendent, or of the execution of the assignment.  The Court sustained the objection.

The plaintiff had previously introduced in evidence the proceedings of the Board of Supervisors directing the street to be improved, and the award of the contract to Norton, and the notice of the election by the property owners to take the contract; and the plaintiff admitted that she did not remonstrate against any of the proceedings, or take any appeal from the action of the superintendent to the Board of Supervisors. The plaintiff had judgment, and the defendant appealed.

The other facts are stated in the opinion.

*Gray & Haven,* for Appellant.

*Grey & Brandon,* for the Respondent.

By the Court, RHODES, J.:

The defendant justifies the alleged trespass under a contract alleged to have been made between the Superintendent of Streets and certain persons who are therein described as the owners of the major part of the frontage of lots and lands liable to be assessed for the payment of the expenses of the work—the grading of a portion of Jones street—and a copy of the contract, together with the assignments thereof to the defendant was annexed to the answer. The defendant offered in evidence the contract with the assignments, but on the objection of the plaintiff it was excluded. The fifty-fourth section of the Practice Act provided that "When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or annexed thereto, the genuineness and due execution of such instrument shall be deemed admitted, unless the plaintiff file with the Clerk, five days before the commencement of the term at which the action is to be tried, an affidavit denying the same." No affidavit was filed by the plaintiff, and consequently the genuineness and due execution of the contract was deemed admitted by the plaintiff. An instrument is genuine which is in fact what it purports to be; and it is only executed when the

parties thereto have signed, sealed, and delivered it in the mode prescribed by law. The contract in this case is deemed to be a contract made by and between the Superintendent of Streets and the owners of the major part of the frontage of the lots, etc., and to have been duly executed by the parties thereto. The Court erred in excluding the contract.

Judgment and order reversed, and cause remanded for a new trial, the costs to abide the event of the suit.

Neither Mr. Chief Justice WALLACE nor Mr. Justice MC-KINSTRY expressed an opinion.