## PETERSEN v. TAYLOR.

No. 15,116; November 10, 1893.

34 Pac. 724.

**Pleading—Failure to Deny Execution of Writing.**—In an action for money had and received, the complaint alleged that defendant had on July ·2, 1884, executed a written instrument certifying that he held $655 until certain disputes should be settled between two named claimants of the fund, and that both of the claimants had three years later assigned the certificate to plaintiff. The answer alleged

that the dispute was settled on July 8, 1884, six days after the date of the certificate, and that both the claimants had on that day executed to defendant a written release of all their rights to the money, a copy of which was set out in the answer. Held, that plaintiff's failure to deny the execution of the release by affidavit filed with the clerk of court, as required by Code of Civil Procedure, section 448, admitted the genuineness and due execution of the release, and it must be taken to be what it appears to be on its face.[1]

Appeal.—Where Findings are Waived, Every Presumption in support of the judgment must be indulged, except such as are cut off by the specifications of error; and though there is nothing in the testimony, all of which is certified to be in the record on appeal, showing the date of the execution of a written instrument, the judgment cannot be attacked on appeal for the insufficiency of the evidence in this respect, where this particular ground of insufficiency was not called to the attention of the trial court in the specifications.

APPEAL from Superior Court, City and County of San Francisco; J. P. Hoge, Judge.

Action by one Petersen against Jos. W. Taylor to recover money alleged to have been received by defendant for plaintiff's use. From a judgment in defendant's favor, plaintiff appeals. Affirmed.

Nagle & Nagle for appellant; J. C. Bates for respondent.

PATERSON, J.—This is an action to recover the sum of $780 claimed to be due plaintiff on two causes of action; the first is for $125 alleged to have been received by the defendant from one Calvert for the use and benefit of plaintiff, and the

---

[1] **Cited** in Carpenter v. Shinners, 108 Cal. 362, 41 Pac. 474, where it is denied as applicable in respect to admission of genuineness·of tax deeds by failure to deny, to the extent that such deed is what it purports to be upon its face, and that the matters recited therein are true.

Cited and approved in Newsom v. Woollacott, 5 Cal. App. 725, 91 Pac. 348, where, in an action for compensation for services, the defendant had pleaded accord and satisfaction, inserting a check given the plaintiff bearing the word "in full for fees," etc. The court said: "In the absence of any evidence to the contrary, respondent is chargeable with what the instrument purports on its face to be, and it must be taken for just what it appears to mean."

Cited in the note in 101 Am. St. Rep. 521, on possession of stolen property as evidence of guilt.

other is for $655, which it is alleged the defendant holds for plaintiff as assignee of E. & B. Bonnett, under a certificate of which the following is a copy:

"This is to certify that I have the sum of $655.00 collected from the city and county of San Francisco in the suits of B. Bonnett and C. H. Parker vs. The City and County of San Francisco, claimed by Elie Bonnett, but attached in the suits of Petersen vs. B. Bonnett as the money of B. Bonnett, to abide settlement or suit against me to determine the owner-ship of said sum.

"July 2, 1884.

"JOS. W. TAYLOR."

Findings were waived, judgment was entered in favor of de-fendant, and plaintiff has appealed.

As to the first cause of action, it is sufficient to say there is a substantial conflict in the evidence and the judgment of the court thereon must stand.

The plaintiff alleged that after defendant collected from the city and county of San Francisco the $655 referred to in the last cause of action stated, and assigned and delivered to Elie Bonnett, for the benefit of all concerned, the certificate above mentioned, all disputes about the ownership of the money were settled, and the interests therein of both Elie and B. were sold and transferred to plaintiff; that thereafter, to wit, on December 1, 1887, plaintiff notified defendant of the assignment to him, and demanded payment, which demand was refused. In his answer, defendant denied plaintiff's owner-ship of the $655, or any part thereof, but admitted that he signed and delivered the instrument set forth in the com-plaint. He alleged that all disputes were settled, and the ownership of the property determined, on July 8, 1884, and a written release given, of which the following is a copy:

"We have this day settled all of our affairs, and the judg-ments in the actions of B. Bonnett vs. The City and County of San Francisco and C. H. Parker vs. The City and County of San Francisco belong to Jos. W. Taylor.

"[Signed]    B. BONNETT.
"ELIE BONNETT.
"JOS. W. TAYLOR."

He also pleaded in bar the statute of limitations, and two judgments in his favor in actions brought by plaintiff against him upon the same cause of action. At the trial the instrument called a "certificate" was introduced in evidence, with proof of its assignment to plaintiff November 30, 1887, and that the money had never been paid to Elie Bonnett or plaintiff. B. Bonnett testified that Petersen had a judgment against him for $655, and attached that amount in his hands, which moneys belonged to Elie, but which Taylor thought belonged to him (B.); that Taylor collected several thousand dollars on the claim of Elie against the city and county of San Francisco, which he had assigned to Taylor for collection; that the $655 was a part of this money, and Taylor, instead of paying it over, agreed to hold it as custodian till all disputes concerning the ownership thereof should be settled. Upon this showing, appellant claims that he was entitled to recover for money had and received. The contention, however, ignores the effect of the failure to deny the execution of the written instrument set out in the answer. Section 448, Code of Civil Procedure, provides that: "When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument are deemed admitted unless the plaintiff file with the clerk, within ten days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant." It is not claimed that any such affidavit was filed in this case. The genuineness and due execution of the instrument were therefore admitted, and it must be taken to be what it appears to be on its face: Sloan v. Diggins, 49 Cal. 38.

Plaintiff alleged in his complaint that the money was to be held by the defendant, under the certificate above referred to, "until certain disputes then existing in the ownership thereof should be settled and determined between one Elie Bonnett and B. Bonnett." The answer alleges that such settlement was made on the eighth day of July, 1884, at which time the statement of the settlement was signed by the three parties above named. The certificate is dated July 2, 1884. The settlement was made six days later. Appellant contends that, as the settlement is not dated, it may have been executed the day before this action was commenced, and after

the assignment to him of the certificate; but, as findings were waived, every presumption in support of the judgment must be indulged, except such as are cut off by the specifications. The appellant's specifications, in this case, are insufficient as a basis for an attack upon the ground that the agreement was not entered into on the date alleged in the answer.

At the conclusion of the evidence, it is said, in the statement, that "the foregoing was all of the testimony of the parties," and appellant contends that, as there is nothing in the testimony which shows the date of the execution of the instrument set out in the answer, and above referred to, no presumption can be indulged, so far as the date of the instrument is concerned, and no specification was needed. But we understand the rule to be without exception that, where a decision is attacked on the ground of the insufficiency of the evidence, the particulars in which the evidence is claimed to be insufficient must be stated. The objection cannot be raised for the first time in this court. It is only fair to the court below, and to the party resisting a motion for a new trial, that their attention should be called before the statement is settled to the particulars in which the moving party claims the evidence is insufficient. Judgment and order affirmed.

We concur: Harrison, J.; Garoutte, J.; Fitzgerald, J.