## RAPP V. GIDDINGS.

1. Where payment is made by check, which recites on its face, "in full of all demands," such words will constitute a receipt in full, as against the payee, only when it is shown that he had knowledge of the presence of such words, or facts are shown which in law would charge him with such knowledge.

2. The possession of such knowledge, *held*, upon the evidence in this case, to be a question for the jury.

3. An instruction is properly refused which assumes and is predicated upon a fact, as established, which the evidence leaves in dispute.

(Syllabus by the court. Opinion filed January 6, 1894 )

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action by Frank Rapp against C. M. Giddings to recover on an account. Plaintiff had judgment, from which, and an order denying a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*F. A. Luse,* for appellant.

In order to overcome the effect of a check containing a receipt in full the evidence must be of a clear and satisfactory nature and it must appear that by some mistake or fraud the check was not intended by the parties as a receipt in full. It was error for the trial court to refuse to so instruct the jury. Fuller v. Crittenden, 9 Conn. 401; Tucker v. Baldwin, 13 Id. 136; Almer v. George, 1 Camp. 392; Briston v. Clark, 1 Esp. 171; Hurd v. Blackman, 19 Conn. 177; Leddy v. Barney, 2 N. E. 107; Hinkle v. Railroad 18 N. W. 275; McCall v. Bushnell, 42 N. W. 545; Jenkins v. Coal Co., 48 N. W. 970; Rasenburg v. Doe, 15 N. E. 510; Cummings v. Baas, 31 N. W. 449; Leslie v. Keepers, 31 N. W. 486; Peterson v. Railroad, 31 N. W. 515; McDougal v. Cooper, 4 Tiff. 498; Kellogg v. Sherman, 14 Wend. 116; Whipple v. Packet Co., 34 Fed. 541; Spitze v. Railroad,

23 At. 307; Gates v. Steele, 20 At. 474; Sommers v. Cresse, 13 At. 23.

The plaintiff having accepted the check and having made use of it is estopped to deny that he knew what it contained.

*F. C. Campbell* and *H. H. Potter*, for respondent.

KELLAM, J. Respondent sued appellant to recover an alleged balance of a threshing bill. Appellant contended that his contract was to pay but a part of the bill; that his tenant was to pay the larger part of it, and that the agreement was so made between respondent himself and the tenant; that, after the work was done, respondent and himself agreed upon the amount due from him, and he paid it. The case was tried before a jury, who gave the plaintiff a verdict for the unpaid balance of his bill, and judgment was entered accordingly. Defendant appeals from the judgment, and an order denying a new trial. The question whether the credit was given to appellant for the full amount of the threshing bill, concerning which the evidence was conflicting, is set at rest by the verdict of the jury. They held him liable. The fact of the amount of the payment by appellant is not disputed. It was by check. The check was lost, but it was satisfactorily proved that upon its face were written these or equivalent words: "In full of all demands to date."

The first assignment of error is the refusal of the court to instruct the jury to return a verdict for defendant "for the reason that the evidence showed that a certain amount was paid in full satisfaction of the claim, and a receipt in full given, and that there was no evidence to show that it was given by mistake or fraud." This was not error, for whether the testimony strongly preponderated in favor of appellant upon that question, or not, there was sufficient contrary evidence to require the question to go to the jury. Respondent testified that when he received the check he distinctly told the appellant that he should hold him for the balance of the bill, and that appellant

replied that if he sued him, and got judgment, it would be good. This certainly went to disprove the theory that the amount so paid was received in full settlement of the bill.

It is next assigned as error that the court refused appellant's request to charge the jury "that, in order to overcome the effect of a check containing a receipt in full, the evidence must be of a clear and satisfactory nature, or that by some mistake or fraud the check was not intended by the parties as a receipt in full." This instruction was objectionable because it assumed that the words in the check, "in full payment of all demands," constituted a receipt, as against respondent. If those words had proceeded from respondent, or been subscribed by him, they would have been his receipt, and *prima. facie* evidence of the fact recited, but they were the work of another. They could only be charged to respondent when shown to have been adopted by him. It is probable that an unqualified acceptance of the check containing these words, with knowledge of their presence, would have constituted such adoption; but such knowledge on his part, or what in law would charge him with such knowedge, was an indispensable foundation upon which to rest his responsibility. He testified that he did not read the check; that he did not notice or see the words claimed to be in the check, as to its being in full of all demands; that he just observed its amount, and got the money on it, at the same time notifying appellant that he should hold him for the balance. There was also evidence inconsistent with these statements of respondent. The jury might have found that he did know and understand its terms and conditions, but the evidence did not so conclusively prove it as to justify the court in assuming it as an undisputed fact. The court had already instructed the jury that if respondent accepted and used the check, knowing its contents, he would be bound by its terms. This, we think, was as favorable for appellant as he could ask.

It was urged on motion for a new trial, and the refusal of the motion is assigned as error, that the evidence was insuffi-

cient to support the verdict, in that it did not show, or tend to show, that respondent did not know at the time of taking the check that it contained the words, "in full of all demands," and that consequently he was giving a receipt in full. It is true, respondent did not categorically swear that he did not know the check contained the quoted words. That question does not appear to have been asked him. But his testimony was, as before mentioned, that he did not notice or see that the check contained such words; that he did not read it at all; that he just saw that it was for so much money. On the other hand, appellant testified that when respondent received the check he noticed, and called his (witness') attention to, the words, "in full of all demands," and some discussion of the matter ensued between them. The trial court, with advantages for judging superiour to our own, thought that, upon the question of respondent's knowledge of the presence of these words in the check, the evidence, with the inferences fully inferable from it, was conflicting, and overruled the motion for a new trial. We are satisfied that we would not be justified in holding otherwise. The judgment of the circuit court is affirmed.