[No. 19551.    Department Two.—August 3, 1895.]

# HENRY W. CARPENTER, RESPONDENT, *v.* M. SHINNERS, APPELLANT.

TAX DEED—ADMISSION OF GENUINENESS—CONSTRUCTION.—The effect of an admission of the genuineness and due execution of a tax deed pleaded by the defendant, and not denied by affidavit of the plaintiff, as provided by section 448 of the Code of Civil Procedure, is to avoid the necessity of proof of its genuineness and due execution, and nothing more; and, whether it is proven or its execution admitted, its terms and legal effect are to be construed by the court.

ID.—SALE FOR CITY TAXES—FAILURE TO PROVE MUNICIPAL ORDINANCE.— A tax deed which purports to be a conveyance of real estate sold for the nonpayment of city taxes, although its genuineness may be admitted by the failure of the plaintiff to deny its due execution, cannot be *prima facie* evidence of a compliance with the city ordinance author-

izing the tax proceedings, without proof of the passage and existence of such ordinance as a prerequisite to the effectiveness of the deed.

ID.—JUDICIAL NOTICE—TAX LAWS—MUNICIPAL ORDINANCES—BURDEN OF PROOF.—The courts take judicial notice of the revenue laws, and, if a tax deed recites the performance of the acts required by those laws, the burden of proving a noncompliance is cast upon those who attack the regularity of the several essential acts; but courts do not take judicial notice of the ordinances of municipal corporations authorizing tax proceedings, or of the time when, if passed, they take effect, and such an ordinance must be proved as a prerequisite to a tax deed becoming *prima facie* evidence of a compliance with such proceedings.

ID.—RECITAL IN TAX DEED—DEFECTIVE NOTICE OF SALE.—Where there is no proof of a municipal ordinance respecting a sale for delinquent city taxes, and the notice provided by section 3768 of the Political Code in cases of sales for state and county taxes was not given, a recital in the deed which shows that less notice was given of the sale cannot be *prima facie* evidence of its regularity.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. V. A. GREGG, Judge.

The facts are stated in the opinion.

*Graves & Graves,* for Appellant.

The genuineness and due execution of the tax deed was admitted. (Code Civ. Proc., sec. 448.) Such admission is an admission that the recitals in the deed are true, and that it was executed and delivered by the parties who signed it, and in the capacity in which they appear to have acted. (*Sloan* v. *Diggins,* 49 Cal. 38; *Petersen* v. *Taylor* (Cal., Nov. 10, 1893), 34 Pac. Rep. 724; *Burnett* v. *Stearns,* 33 Cal. 473.) The tax deed is conclusive, except as against actual fraud. (*Rollins* v. *Wright,* 93 Cal. 395.)

*Wilcoxon & Bouldin,* and *J. M. Wilcoxon,* for Respondent.

The deed is void upon its face, as it shows publication for the notice of sale for less than twenty-one days after the first publication. (Pol. Code, sec. 3768.) The laws of municipalities must conform to the laws of the state in this respect. (Stats. 1883, sec. 871, p. 273.)

SEARLS, C.—This is an action to quiet the title of plaintiff to lots 1 and 2, in block 132, in the city of El Paso de Robles, county of San Luis Obispo, state of California.

The answer of defendant denied the allegations of the complaint, and as a further defense to the action set up title in himself under a tax deed, a copy of which is attached to the answer.

Plaintiff failed to deny the genuineness and due execution of the tax deed by affidavit, as provided by section 448 of the Code of Civil Procedure.

At the trial it was admitted that plaintiff was the owner of the land described in the complaint, unless the tax deed set out in defendant's answer defeated the plaintiff's title.

The cause was submitted to the court upon the admission aforesaid and the tax deed without further evidence.

Written findings were waived and judgment was thereupon entered in favor of the plaintiff, from which judgment and from an order denying a motion for a new trial defendant appeals.

The question presented relates to the sufficiency of the tax deed upon its face to defeat plaintiff's title.

The contention of appellant may be summarized thus:

1. The admission of the genuineness and due execution of the tax deed by failing to deny it, as required by section 448 of the Code of Civil Procedure, is an admission that it was duly executed by the party who signed it and in the capacity in which he appears to have acted; that it is an admission that the deed is what it purports to be upon its face, and that the matters recited therein are true.

2. That such tax deed, except as against actual fraud, is conclusive.

In support of the first position we are referred to *Sloan* v. *Diggins*, 49 Cal. 38, and *Peterson* v. *Taylor* (Cal., Nov.

10, 1893), 34 Pac. Rep. 724 (not reported in Cal. Reports).

The second proposition is supported by reference to *Rollins* v. *Wright*, 93 Cal. 395.

The effect of an admission of the genuineness and due execution of an instrument pleaded by a defendant, and not denied, as provided by section 448 of the Code of Civil Procedure, is to avoid the necessity of proof of its genuineness and due execution, and nothing more; and whether it is proven or its execution is admitted its terms and legal effect are to be determined by an inspection of the instrument. It stands as an exponent of the facts therein set out, to be construed by the court, and the conclusions of law are to be deduced therefrom. (*Burnett* v. *Stearns*, 33 Cal. 468.) The question, then, remains, does the tax deed, upon its face, show a state of facts from which to conclude, as matter of law, that the legal title to the premises vested in defendant?

The tax deed in question purports to be a conveyance of real estate sold for the nonpayment of city taxes for the year 1890 and 1891, is executed by Frank Misenheimer, tax collector of the city of El Paso de Robles, county of San Luis Obispo, and most of the recitals in the deed indicate that the property therein described was sold for delinquent taxes levied by said city, yet among the recitals of the deed it is said " levy was duly made, according to law, upon the property, of which description is first hereinafter given, for taxes due to the state of California and to the city of El Paso de Robles for the year 1890," etc. There is no explanation of this statement in the record or in the brief of appellant. We can only surmise that it is a mistake arising from the use of a blank deed prepared for the collector of state and county taxes, and that the word "county" was erased, and the word "city" substituted, while the words "due to the state of California" were inadvertently left in the deed.

We pass the question involved in this statement for the reason that we think there is another and potent

reason why the judgment and order appealed from must be affirmed.

By the act to provide for the organization, incorporation, and government of municipal corporations, approved March 13, 1883 (Stats. 1883, p. 93), authority is given to "the board of trustees" to provide, by ordinance, a system for the assessment, levy, and collection of all city or town taxes, which system shall conform as nearly as may be to the provisions of the state laws on the same subject, except as to dates and the officers by whom the several acts are to be performed; and by section 871 of the same act it is provided that "All deeds made upon any sale of property for taxes or special assessments, under the provisions of this chapter (chapter 7, relating to municipal corporations of the sixth class), shall have the same force and effect in evidence as is or may hereafter be provided by law for deeds for property sold for nonpayment of state or county taxes."

Under section 3786 of the Political Code tax deeds are made primary (*prima facie*) evidence that: "1. The property was assessed as required by law; 2. The property was equalized as required by law; 3. The taxes were levied in accordance with law; 4. The taxes were not paid; 5. At a proper time and place the property was sold as prescribed by law, and by the proper officer; 6. The property was not redeemed; 7. The person who executed the deed was the proper officer; 8. Where the real estate was sold to pay taxes on personal property, that the real estate belonged to the person liable to pay the tax."

By the next section the tax deed is made conclusive evidence (except in case of actual fraud) of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed.

These provisions were upheld by this court in *Rollins* v. *Wright, supra*.

These presumptions of the regularity of the proceedings leading up to the execution of a tax deed proceed upon the theory that the revenue laws of the state pro-

vide the methods whereby property is assessed for taxation, taxes levied, and that, when not paid, the real estate upon which such taxes become a lien may be sold to realize the amount due.

Of these laws courts take judicial notice, and, if the tax deed recites the performance of the acts required by law, the burden of proving a noncompliance is cast upon those who attack the regularity of the several essential acts.

But we cannot take judicial notice of the ordinances of municipal corporations, or of the time when, if passed, they take effect. (*Lucas* v. *San Francisco*, 7 Cal. 475; *Harker* v. *Mayor etc. of New York*, 17 Wend. 199; *Haven* v. *New Hampshire Asylum*, 13 N. H. 532; *City of Napa* v. *Easterby*, 61 Cal. 517.)

So far as appears from the record the tax proceedings were unsupported by any ordinance of the municipal corporation, and entirely without authority of law.

We are of opinion that the passage and existence of an ordinance authorizing the tax proceedings should have been proven as a prerequisite to the deed becoming *prima facie* evidence of a compliance with such proceedings.

Again, if we assume that the recitals in the deed are *prima facie* evidence, not only of the facts they recite, but of laws authorizing the performance of such acts, then we must assume from such recitals that notice of the sale for delinquent taxes was required to be given not less than twenty-one and not more than twenty-eight days, as is provided by section 3768 of the Political Code in cases of sales for state and county taxes.

Yet, while the recital in the deed states that the notice as given was not less than twenty-one nor more than twenty-eight days, still, when it gives the date of the first publication of such notice, which was February 11, 1891, and the date of sale, which was to occur, and did occur, on the third day of March, 1891, it may be seen that a notice of only twenty days was given of the sale.

That the sale occurred on the third day of March is

further verified by the certificate of sale which bears the last-named date.

For these reasons we are of opinion the judgment and order appealed from should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.