[Sac. No. 412.   Department One.—December 7, 1898.]

MAX BROOKS, Respondent, v. S. R. JOHNSON et al., Appellants.

FORECLOSURE OF MORTGAGE—WRITTEN EXTENSION OF TIME—WANT OF CONSIDERATION—ABSENCE OF AFFIDAVIT DENYING EXECUTION.—The failure of the plaintiff in an action to foreclose a mortgage to file an affidavit denying the genuineness and due execution of a written instrument set forth in the answer purporting to extend the time of payment of the note secured by the mortgage until after the commencement of the action, does not preclude proof by the plaintiff, and a finding by the court, that the extension of time was without consideration, and the rendition thereupon of a judgment of foreclosure.

NEW TRIAL—INSUFFICIENT AFFIDAVIT—FAILURE OF ATTORNEY TO ATTEND TRIAL—NOTICE TO SET CAUSE.—An affidavit upon a motion for a new trial made by the attorney for the defendant, to the effect that he had received notice of a motion to set the cause for trial, but did not receive notice that it had been set, and that he had no knowledge thereof until after the trial was had and judgment entered, is insufficient in not showing that he would have been present if he had received notice, and would have been able to countervail the testimony of the plaintiff, and to show that there was a consideration for the instrument pleaded in the answer.

ID.—PRESUMED KNOWLEDGE OF RULES OF COURT—RELIEF FROM JUDGMENT—SURPRISE.—An attorney is presumed to know the rules of the court in which he appears, and his want of such knowledge does not authorize relief from a judgment rendered in his absence on the ground of surprise.

ID.—SHOWING OF DIFFERENT RESULT.—Unless it is made to appear that a different result might have been reached, a court is not authorized to set aside its decision on the ground merely of the surprise or failure of an attorney to be present at the trial.

ID.—DISCRETION OF COURT.—A motion to set aside a judgment for absence of an attorney from the trial is addressed to the legal discretion of the court, and will not be reviewed in the absence of evidence showing that the discretion was improperly exercised.

APPEAL from a judgment of the Superior Court of Butte County and from an order refusing a new trial.   John C. Gray, Judge.

The facts are stated in the opinion of the court.

George H. Maxwell, and R. M. F. Soto, for Appellants.

Lucius I. Solomons, William F. Gibson, and Charles Wesley Reed, for Respondent.

HARRISON, J.—Action for the foreclosure of a mortgage. The complaint is in the ordinary form, setting forth the promissory note whose payment is secured by the mortgage, and alleging that it was made October 6, 1893, payable one year thereafter, and has not been paid. The complaint herein was filed September 1, 1896, and the defendant Johnson, one of the makers of the note, in his answer thereto, alleged that on the 19th of February, 1895, the plaintiff, by a written instrument, extended the time of payment of the note until the sixth day of October, 1896—setting forth in his answer a copy of said instrument—and denied that there was any sum of money due from the defendants to the plaintiff at the time of the commencement of this action. The plaintiff did not make or file an affidavait denying the genuineness and due execution of this instrument. The cause was tried by the court, and a finding made by it that the written instrument, and the extension of time therein provided, was made by the plaintiff without consideration, and judgment was rendered in favor of the plaintiff for the amount of the note and for the foreclosure of the mortgage. The appeal therefrom is urged here upon the ground that by failing to file the affidavit authorized by section 448 of the Code of Civil Procedure, the genuineness and due execution of the instrument set up in the answer were admitted, and that it was not competent for the court to receive evidence, or determine that it was made without consideration.

The effect of a failure by a plaintiff to file such affidavit was fully considered in the recent case of *Moore v. Copp*, 119 Cal. 429, and it was there said: "Where the defendant has pleaded a written instrument in defense (not by way of cross-complaint), and the plaintiff has not served and filed an affidavit denying the instrument and has offered no evidence controverting it on any ground, the instrument is to be deemed admitted, and must be taken for what it appears on its face to be. But the plaintiff may controvert the instrument by evidence of fraud, mistake, undue influence, compromise, payment, statute of limitations, estoppel, and the like defenses, under section 462 of the Code of Civil Procedure. In short, he may by evidence controvert

the instrument upon any and all grounds, except that he cannot controvert its due execution or its genuineness. By genuineness is meant nothing more than that it is not spurious, counterfeit, or of different import on its face from the one executed, but is the identical instrument executed by the party. (Citing several cases in support thereof.) It could never have been intended that the plaintiff is required to make an affidavit denying the instrument, or be precluded from making any defense whatever. There are many defenses which he is, and should be, entitled to make while possibly compelled to admit that he executed the instrument and that it is genuine; and which defenses it was intended by the code he might make under section 462." In *Colton etc. Co. v. Raynor,* 57 Cal. 588, a written instrument was annexed to the answer, and at the trial the maker thereof testified, in answer to a question put to him, that there was no consideration therefor. The question was objected to by the defendant upon the ground that there was no denial of the consideration in the pleadings, and it was said by this court, upon appeal therefrom, that there was no error in the ruling, and that "the genuineness and the execution of the instrument was not at all impeached by the evidence admitted." It was held that the provision of section 462 of the Code of Civil Procedure— "The statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must on the trial be deemed controverted by the opposite party"—allows the plaintiff in reply to such new matter to introduce on the trial any evidence which countervails or overcomes it, as if it were inserted in a replication and pleaded with all the precision and fullness which the strictest rules of law ever required.

The court, therefore, did not err in receiving this evidence, and upon its findings in accordance therewith properly held that the plaintiff was entitled to judgment.

By the rules of the superior court of Butte county, where this cause was pending, the calendar of the causes at issue of fact in that court is made up on the first Monday of each month, and on that day set down for trial. The answer of the appellant to the complaint herein was served and filed October 22d, and on October 24th the attorney for the plaintiff served upon the attorney for the defendant a notice that on Monday, the 2d of

November, he would move for an order setting the cause for trial on a day to be named by the court; and on said second day of November, in pursuance of said notice, the court, upon motion therefor by the plaintiff, set the cause down for trial on the 9th of November. The cause was tried on the last-named day, but neither the appellant nor his attorney were present at the trial. Upon a motion for a new trial, the attorney for the appellant read an affidavit to the effect that he received the notice of the motion to set the cause for trial, but supposed that he would receive a notice of the time for which it would be set; that he did not receive such notice, or have any knowledge that the case had been set for trial, until after the trial had been had and judgment entered. He does not, however, say that he would have been present at the trial if he had received such notice, nor does he say that he would have been able to present any evidence to countervail the testimony of the plaintiff, or to show that there was any consideration for the execution of the instrument annexed to the answer.

An attorney is presumed to know the rules of the court in which he appears, and his want of such knowledge does not authorize the relief from a judgment taken against him upon the ground of surprise. The failure of the attorney to give any attention to the notice that on the 2d of November an application would be made to have the cause set for trial cannot give him any greater right than he would have had if he had been present on that day; nor was the plaintiff required to give him any notice of the day that had been set by the court for the trial of the cause. It was, moreover, essential to show that the defendant had sustained injury by the action of the court. Unless it is made to appear that a different result might have been reached, a court is not authorized to set aside its decision on the ground merely of surprise or failure of the attorney to be present at the trial. (*Haight v. Green*, 19 Cal. 113; *Ekel v. Swift*, 47 Cal. 619; *McGuire v. Drew*, 83 Cal. 225.) The motion was addressed to the legal discretion of the superior court, and upon the evidence contained in the record we cannot say that this discretion was improperly exercised.

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.