[Civ. No. 347.  Second Appellate District.—June 14, 1907.]

## J. CATHER NEWSOM, Respondent, v. H. J. WOOLLACOTT, Appellant.

ACTION FOR SERVICES OF ARCHITECT—PLEA OF ACCORD AND SATISFACTION—CHECK IN SATISFACTION—EXECUTION NOT DENIED—JUDGMENT ON PLEADINGS.—In an action to recover for the services of an architect, on a specified contract, where the answer sets up a different contract, and sets up a check paid in full of all demands by way of accord and satisfaction, the execution of which check was not denied, the court did not err in denying the defendant's motion for judgment on the pleadings.  The admission of the execution and genuineness of the check did not admit the plea of accord and satisfaction set forth in the answer.

ID.—MEMORANDUM ON CHECK—IN FULL FOR FEES—PAROL EVIDENCE—EFFECT OF TERMS.—Where the check set forth in the answer, the execution of which was not denied, contained the written memorandum, "In full for 9th and Grand Ave. fees," and it appears that the services sued for were for the erection of a hotel on 9th street and Grand avenue in Los Angeles, the plaintiff might, notwithstanding the failure to deny its execution, introduce parol evidence to controvert it by showing mistake, fraud or like defense, or that it had no connection with the contract sued on; but, in the absence of such evidence, the instrument stands as an exponent of the facts therein set out, and must be taken for what it purports on its face to mean.

ID.—PRESUMPTIVE KNOWLEDGE—IMPROPER INSTRUCTION.—The plaintiff, having failed to controvert or explain the check by parol testi-

mony, must be presumed to have had full knowledge of the existence
and terms of the memorandum on the check, when delivered to him,
and before it passed out of his possession; and it was error to in-
struct the jury in effect that, notwithstanding they found the
check was intended to apply to the demand sued on, they must, never-
theless, in order to render a verdict for the defendant, find the
further fact that plaintiff was aware of the memorandum written
thereon, when delivered, or that he knew of the writing upon the check
before it passed out of his possession.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

Tom C. Thornton, for Appellant.

Drew Pruitt, and Morton, Houser & Jones, for Respondent.

SHAW, J.—The respondent, who is an architect, alleges
that he was employed by appellant to prepare certain plans
and specifications and receive estimates for, and superintend
the erection of, a three-story hotel on the southwest corner of
9th street and Grand avenue, in the city of Los Angeles, of
the estimated cost of $64,000; that the reasonable value of
the services agreed to be performed by respondent for appel-
lant was the sum of $2,560; that respondent entered upon
said employment, prepared the necessary plans and specifi-
cations for said building, and received estimates for the
erection thereof; that notwithstanding the fact that re-
spondent at all times was ready and willing to perform his
part of said agreement, he was, about June, 1904, wrongfully
discharged by appellant.

In his answer appellant denies all of said allegations and
sets up another agreement, under which respondent was to
submit plans for a building which should not involve an ex-
penditure to exceed $25,000; that the plans submitted called
for the expenditure of an amount largely in excess of said
sum; that respondent admitted that such plans were not in
conformity with their agreement; that thereupon plaintiff
and defendant, after a full discussion of plaintiff's claim for
compensation, had a full accounting, and accord and satis-

faction, wherein it was agreed that defendant should pay
plaintiff the sum of $150 in full of all demands which plain-
tiff might have or claim against defendant by reason of his
negotiations, labors, or otherwise, in connection with the pro-
posed building on 9th street and Grand avenue, which sum
appellant paid to respondent in full satisfaction of all his de-
mands in the premises; that said payment was made by a
check, payable to the order of plaintiff, in the lower left-hand
corner of which was a memorandum in the words and figures
following: "In full for 9th and Grand ave. fees"; which
check was duly indorsed and cashed by plaintiff. A copy of
this check, with the indorsement thereon, is made a part of
defendant's answer. No affidavit denying the check was
served or filed by plaintiff, as provided in section 448, Code
of Civil Procedure.

Defendant's motion for judgment on the pleadings was
denied. The case was tried before a jury, which gave a ver-
dict for plaintiff and judgment was entered accordingly.
The appeal is from the judgment and an order denying de-
fendant's motion for a new trial.

There was no error in the denial of appellant's motion for
judgment on the pleadings. Admitting the execution and
genuineness of the check was not an admission of the new
matter set up in the answer by way of accord and satisfac-
tion, or that the check related in any way to the transaction
set forth in the complaint; all of which, under section 462,
Code of Civil Procedure, must be deemed to be controverted.
It, therefore, devolved upon defendant to connect this check
with the transaction upon which plaintiff based his action
and prove that it was given and received as alleged in the
answer. In the absence of evidence establishing such facts,
it did not in itself constitute sufficient evidence in support of
the new matter alleged in the answer. While plaintiff ad-
mitted receiving the check, and that it was genuine and duly
executed, he did not admit that it was received as set forth
in the answer. "The effect of an admission of the genuineness
and due execution of an instrument pleaded by a defendant,
and not denied, as provided by section 448 of the Code of
Civil Procedure, is to avoid the necessity of proof of its gen-
uineness and due execution, and nothing more; and whether it
is proven or its execution is admitted its terms and legal

effect are to be determined by an inspection of the instrument." (*Carpenter* v. *Shinners*, 108 Cal. 362, [41 Pac. 473].)

At the trial the appellant offered no evidence whatever. He now contends that the evidence was insufficient to justify the verdict, and that the court erred in its charges to the jury. The court instructed the jury as follows: "If you find that the check was intended to apply to the demand here sued upon, and that plaintiff accepted the check with words written thereon indicating that it was to be in full payment of all of such demands, and *that he was aware of the presence of such words,* then the check should be received by you as evidence of a complete settlement of such demand." In another part of the charge the jury were instructed upon the theory that it was for them to find from the evidence whether or not plaintiff had *knowledge of the presence of the memorandum at the time of the delivery of the check to him, or knew of the writing upon such check, before it passed out of his possession.*

Having failed to file the affidavit of denial required by section 448 of the Code of Civil Procedure, respondent is deemed to have admitted the execution and genuineness of the instrument. Notwithstanding this admission he may controvert the instrument by evidence of mistake, fraud and like defenses, or show that it had no connection with the demand sued upon. (*Moore* v. *Copp*, 119 Cal. 429, [51 Pac. 630].) He offered no evidence touching the question, and in the absence of any testimony, the instrument stands as an exponent of the facts therein set out, and its terms and legal effect are to be determined by an inspection of the instrument. (*Carpenter* v. *Shinners*, 108 Cal. 362, [41 Pac. 473].) In the absence of any evidence to the contrary, respondent is chargeable with what the instrument purports on its face to be, and it must be taken for just what it appears to mean. (*Petersen* v. *Taylor*, 34 Pac. 724; *Brooks* v. *Johnson*, 122 Cal. 569, [55 Pac. 423].) Having failed to controvert it, respondent must be presumed to have had knowledge of the existence of the memorandum on the check at the time of the delivery thereof to him and to have known of the writing thereon before it passed out of his possession. No proof of this fact was necessary. It was, therefore, error to instruct the jury, in effect, that notwithstanding they found

the check was intended to apply to the demand sued upon, they must, nevertheless, in order to render a verdict for defendant, find the further fact that respondent was aware of the presence thereon of the words, "In full for 9th and Grand avenue fees," and that respondent "had knowledge of the presence of the memorandum written on the check at the time of its delivery to him," or that "he knew of the writing upon such check before it passed out of his possession." All that can be claimed for this check is that it constituted a receipt for money paid to respondent pursuant to the alleged settlement. As such, it is open to contradiction or explanation by parol testimony. In the absence of such contradiction or explanation, respondent is bound by what it purports on its face to mean. (*Simmons* v. *Oullahan*, 75 Cal. 508, [17 Pac. 543]; *Snodgrass* v. *Parks*, 79 Cal. 55, [21 Pac. 429].) There is nothing in *Greer* v. *Laws*, 56 Ark. 37, [18 S. W. 1038], or in *Rapp* v. *Giddings*, 4 S. Dak. 492, [57 N. W. 237], cited by respondent, inconsistent with the general rule.

The judgment and order are reversed.

Allen, P. J., and Taggart, J., concurred.