[Sac. No. 2097.   Department Two.—October 13, 1914.]

COLIN McKENZIE, Executor of the Estate of Nettie Montague Patton, Deceased, Appellant, v. ELLEN RAY, Executrix of the Estate of Don Ray, Deceased, Respondent.

DEBTOR AND CREDITOR—ANSWER SETTING UP RECEIPTS ACKNOWLEDGING FULL PAYMENT—FAILURE TO FILE AFFIDAVIT DENYING GENUINENESS AND DUE EXECUTION—ADMISSION OF PAYMENT—NONSUIT.— In an action on a written instrument acknowledging the receipt of money payable on the return of the instrument properly indorsed, where the answer pleads payment and sets up written receipts subsequently executed by the executrix of the deceased payee of the instrument stating the payment in full of all indebtedness due by the maker of the instrument to the payee, and the plaintiff admitted the genuineness and due execution of the receipts by failure to file an affidavit denying the same, as required by section 448 of the Code

of Civil Procedure, a nonsuit was properly granted on the ground that the indebtedness sued on had been paid, if the plaintiff on the trial failed to introduce any evidence to contradict or explain the receipts.

Id.—Presumption of Nonpayment from Possession of Instrument Overcome by Admission.—The plaintiff's admission overcame the disputable presumption of nonpayment arising from the possession of the instrument sued on. Against a fact admitted a disputable presumption has no weight.

Id.—Construction of Receipts for the Court.—The receipts being unquestioned, it was for the court and not for the jury to construe them and to determine their meaning and effect.

Id.—Effect of Unexplained Receipts.—While neither an ordinary receipt nor a receipt in full is conclusive against an attack, if uncontradicted and unexplained it stands as conclusive.

Id.—Duty of Court to Grant Nonsuit—Absence of Evidence.—On a trial by jury, the judge should grant a nonsuit if a verdict in plaintiff's favor should be set aside for want of evidence to support it.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. C. N. Post, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, for Appellant.

Denson, Cooley & Denson, and C. A. Elliott, for Respondent.

MELVIN, J.—Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The suit was upon a written instrument which was in the following terms:

"$4496

"No.                              Galt, Cal. March 1st, 1894.

"Received from Alexander Montague Forty four hundred and ninety-six 18-100 Dollars. Payable on return of this certificate properly endorsed.

"$4496.18.

"Whitaker & Ray."

It was admitted by the defendant that the writing in question had been executed according to its purport but the answer set up full payment of the obligation which had been evidenced

by the said instrument and in that behalf pleaded two certain receipts which were as follows:

"Galt, Cal., July 23, 1903.

"Received from Whitaker & Ray, Thirty-three hundred and eighty-two 89-100 Dollars, being amount due Dr. Alex Montague at time of his death.

"NETTIE MONTAGUE ex

"Executrix of the Will of Alex Montague, deceased.
"$3382.89-100."

"Galt, Cal., July 23, 1903.

"Received from Whitaker & Ray, Twenty-two hundred & six 63-100 Dollars, being settlement in full of A-C of A. Montague, deceased, and my account to date.

"NETTIE MONTAGUE ex

"Executrix of the Will of Alex Montague, deceased.
"$2206.63."

Plaintiff did not by affidavit or otherwise deny the genuineness or due execution of these receipts. A jury was impaneled and at the close of plaintiff's testimony in chief defendant's motion for nonsuit was granted.

The facts as established partly by proof and partly by admissions of defendant were as follows: The firm of Whitaker & Ray executed and delivered to Dr. Alexander Montague the document, dated March 1, 1894, upon which this suit is founded. This writing is called by appellant a "certificate of deposit" and by respondent a "receipt." To distinguish it from the receipts set out in the answer we shall call it "Exhibit A." Mr. Whitaker died in April, 1894, leaving Mr. Ray as the sole surviving partner. Dr. Montague died testate in 1902. His widow, Nettie Montague, was duly appointed executrix of his will. In 1903 she married Mr. Patton, and in 1904 the residue of Dr. Montague's estate was distributed to her. She died testate in the month of December, 1907, and in January, 1909, Mr. McKenzie became her executor. Mr. Ray died in April, 1910, and his wife was appointed executrix of his will in the following month. On July 26, 1910, a claim, based on "Exhibit A" was presented to the executrix of Don Ray's estate, and as it was rejected by her, this suit was commenced. At the trial, after introducing "Exhibit A" in evidence and examining a number of witnesses for the purpose of showing that Whitaker & Ray were acting as bankers in issuing that instrument to Dr. Montague, plaintiff rested, whereupon,

the appropriate motion having been made, the nonsuit was granted.

Plaintiff makes the following contentions:

(1) The nonsuit was improperly granted because the production of the instrument by the party claiming to be the creditor makes a *prima facie* case of nonpayment.

(2) "Exhibit A" is a certificate of deposit and therefore the statute of limitations does not run against it. (Code Civ. Proc., sec. 348.)

(3) The demand is not barred under the doctrine of laches because the banking concern which has had the use of the money may not assert "injury through delay"—which is the basis of all claims of laches.

Respondent defends the court's action in granting the nonsuit on the grounds that:

(1) The action was barred by the statute of limitations; as there was no proof that Whitaker & Ray were bankers.

(2) The demand sued on was stale.

(3) The debt sued on was paid and discharged, and that fact stood as proven at the close of plaintiff's case.

As we are satisfied that the last contention is correct it will not be necessary to discuss the others.

Appellant's position in brief is this. Usually the burden of proving nonpayment of a debt evidenced by a negotiable instrument would be on the party suing thereon, but in the case of a negotiable instrument produced from the possession of the party to whom it is payable there is a presumption of nonpayment which throws the burden of evidence on the party claiming payment. This burden is not met in the present case, says appellant, by the production of the receipts, even though they be in full of all demands. A receipt, he insists, is too general if it does not mention the particular writing whose possession raised the presumption of nonpayment. He relies principally upon *Light* v. *Stevens,* 159 Cal. 290, [113 Pac. 659], and *Estes* v. *Ballard,* 22 Cal. App. 345, [134 Pac. 361], but the case at bar is easily distinguishable from them. In the first mentioned case it was held that the possession of the note sued upon was *prima facie* evidence of its nonpayment which was not met by mere proof that the person whose name was signed to it had paid to his creditor more than the amount of the note, without a showing that the money was paid on account of the particular obligation in suit. In *Estes* v. *Bal-*

*lard* the rule expressed in *People* v. *Milner,* 122 Cal. 179, [54 Pac. 833], is again announced,—namely, that a presumption is evidence and that it is evidence which may outweigh the positive testimony of witnesses against it. But as was also said in the Milner case, "Against a proved fact·or a fact admitted, a disputable presumption has no weight."

In the case at bar the two receipts which were set up by the answer were very broad in their terms and covered *all* amounts "due Dr. Alex Montague at time of his death," and "settlement *in full* of a-c of A. Montague deceased." It is provided by section 448 of the Code of Civil Procedure that, "When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the plaintiff file with the clerk, within ten days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant." Plaintiff failed to file the affidavit of denial required by this section and he thereby admitted the execution and genuineness of the receipt. It was still open to him on the trial to contradict or explain the receipts by written or parol testimony. Having failed to do this he is bound by what the receipts purport on their faces to mean (*Carpenter* v. *Shinners,* 108 Cal. 362, [41 Pac. 473] ; *Brooks* v. *Johnson,* 122 Cal. 569, [55 Pac. 423] ; *Newsom* v. *Woollacott,* 5 Cal. App. 723, [91 Pac. 347] ), and their substance is the acknowledgment of the payment of *all* moneys owing from Whitaker & Ray to Dr. Montague's estate. In this respect the case differs radically from *Light* v. *Stevens,* 159 Cal. 290, [113 Pac. 659]. In that case the proof of payment of certain sums of money was not held sufficient to overcome the presumption arising from the possession by the payee of the note in suit, but in this case the genuineness and due execution of two receipts is admitted and these receipts purport to show a settlement of all debts between the parties at a date subsequent to the execution of the instrument on which the. action is based. That plaintiff's admission overcomes the presumption arising from the possession of "Exhibit A" is plain under the very rule invoked by appellant by the citation of *Estes* v. *Ballard,* because against "a fact admitted a disputable presumption has no weight."

The receipts being unquestioned by plaintiff, it is for the court to construe them and to determine their meaning and effect. The documents admittedly genuine and executed in due form stand as exponents of the facts therein recited, ''to be construed by the court and the conclusions of law are to be deduced therefrom.'' (*Carpenter* v. *Shinners*, 108 Cal. 362, [41 Pac. 473].) It is the duty of the court and not of the jury to determine the effect of the agreement between the parties. (*Luckhart* v. *Ogden*, 30 Cal. 556; *Ellis* v. *Crawford*, 39 Cal. 527; *Reed* v. *Swift*, 45 Cal. 255; 9 Cyc. 784.)

The court properly decided the question regarding the effect of a receipt in full. While neither an ordinary receipt nor a receipt in full is conclusive against all attack, if uncontradicted and unexplained it stands as conclusive. (30 Cyc. 1224; note 30 on p. 1225.) A receipt in full of all demands, if unexplained and uncontradicted, will defeat an action on a promissory note given before the date of the receipt. (*Cunningham* v. *Batchelder*, 32 Me. 316.) Such a receipt in the absence of evidence of fraud, mistake, or nonpayment is a complete bar to the action. (*Virdin* v. *Stockbridge*, 74 Md. 481, [22 Atl. 70]; *De Arnoud* v. *United States*, 151 U. S. 483, [38 L. Ed. 244, 14 Sup. Ct. Rep. 374]; Jones on Evidence, 2d ed., pars. 491 and 492.)

The effect of the receipts under the admissions of the plaintiff and the correct construction placed upon the documents by the court being a complete bar to the action on the original writing (''Exhibit A'') the court very properly granted the motion for a nonsuit. With a jury present the judge ought to grant a nonsuit if a verdict in plaintiff's favor should be set aside for want of evidence to support it. (*Estate of Dole*, 147 Cal. 193, [81 Pac. 534]; *Downing* v. *Murray*, 113 Cal. 463, [45 Pac. 869].) We cannot see how a judge could have failed to set aside a verdict for plaintiff if the case had been submitted and the jury had returned such a verdict. Plaintiff's proof amounted to a showing of the possession of that which purported upon its face to be a written evidence of a debt owed by defendant's decedent, but this was coupled with an admission that the debt had been subsequently paid.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.