ALONSO RIERA & Co., PLAINTIFFS AND APPELLANTS, *v.* SALAS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2281.—Decided July 22, 1921.

DEBT — PLEADING —ANSWER —VERIFICATION —ADMISSION —CONSIDERATION. — Although the fact that a defendant does not verify his answer in general denial of a complaint based on a document transcribed therein is, in accordance with section 119 of the Code of Civil Procedure, an admission of the genuineness and execution of the said document, this does not preclude the defendant from introducing evidence in support of an allegation contained in the new matter which constitutes a valid defense and shows the real consideration for the obligation.

The facts are stated in the opinion.

*Mr. R. Martínez Alvarez* for the appellants.

*Messrs. Soto Gras & Siaca* and *A. Nava & Domínguez* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought suit upon a note set forth in the complaint as follows:

"San Juan, P. R., Sept. 19, 1917.—For $450.—Received from Alonso Riera & Co. of San Juan the sum of four hundred and fifty dollars ($450) as a loan and with interest, which sum shall be refunded to them on December 10, 1917. To the faithful compliance with this agreement I pledge whatever property I now have or may hereafter possess, with the guaranty of Juan F. Crespo, Zoila Salas and Victoriano Quintero, sureties."

Defendants in an unverified answer, after a general denial, set up as new matter:

"1. That on or about September 19, 1917, the plaintiffs sold to defendant Juan F. Crespo an automobile which the plaintiffs agreed to repair at their own expense and deliver to the defendant in the month of October, 1917.

"2. That by virtue of this agreement and with the object of paying in due time the stipulated price, the defendant signed and delivered to the plaintiffs a promissory note, bearing also the signatures of Zoila Salas and Victoriano Quintero as sureties, for the sum of four hundred and fifty dollars which the defendant bound himself to pay on December 10, 1917.

"3. That the said automobile was not delivered as agreed upon in the month of October, 1917, notwithstanding the demands made by defendant Crespo, the plaintiffs having refused at that time and at the present time to deliver the said automobile in compliance with the terms of the agreement made by the parties."

The district court, after a trial *de novo* on appeal from the municipal court, found the facts to be as alleged by defendants and dismissed the action. At the threshold of the trial we find the following statements made by counsel:

"Attorney for the plaintiff.—Your Honor: The evidence in this case consists merely of the complaint into which is copied in full

the paragraph containing the averment that the said debt is unpaid; and at the same time we likewise introduce as evidence in this case the answer to the complaint, containing a general and specific denial of each and all of the counts of the complaint, but this answer is not verified as required by section 119 of the Code of Civil Procedure in relation to notes or documents copied into the complaint. In other words, Your Honor, since the answer makes a general and specific denial of the allegations of the complaint and is unsworn, the authenticity of the document is admitted, and therefore we are not required to present any evidence, inasmuch as all of the averments of our complaint have been admitted by the answer, and also because in such cases where a promissory note is transcribed, if the object is to challenge the existence of the note the answer must be sworn to. That is our evidence.''

''Attorney for the defendant: Our intention has not been to impugn the document. We shall introduce the evidence in support of our counterclaim.''

The evidence adduced by defendants in support of the affirmative averments contained in the answer was objected to by plaintiff upon the ground that having admitted the execution and genuineness of the document copied verbatim in the complaint, defendants should not be permitted to vary or contradict the terms thereof.

The brief for appellant contains no assignment of errors, separate or otherwise, but propounds and answers in the negative two queries, to wit:

''1. If a plaintiff avers and copies into his complaint a document which is the basis of his action and the defendant does not verify his answer, is the defendant entitled to present evidence of any kind varying the execution and authenticity of the document quoted in the complaint?

''2. Is the plaintiff required to present any other evidence than the complaint wherein the document is quoted which is the basis of the action brought, if the answer is not sworn to by the defendant?''

In support of the conclusion so reached we are referred to a number of cases heretofore decided by this court and to the following California decisions: *Burnett* v. *Stearns, 33*.

Cal. 473; *Sloan* v. *Diggin*, 49 Cal. 40; *Carpenter* v. *Shinners*, 108 Cal. 361; *Brown* v. *Weldon*, 71 Cal. 393; *Moore* v. *Copp*, 119 Cal. 432; *Cutten* v. *Pearsall*, 146 Cal. 694; *Rosenthal* v. *Merced Bank*, 110 Cal. 203; *Corcoran* v. *Donn*, 32 Cal. 88; *Hills* v. *Sherwood*, 33 Cal. 474.

In later decisions by the California courts the following extract from *Moore* v. *Copp, supra,* is often quoted:

"The cases in which section 448 has been construed are numerous. The result reached may be briefly stated as follows: Where the defendant has pleaded a written instrument in defense (not by way of cross-complaint), and the plaintiff has not served and filed an affidavit denying the instrument and has offered no evidence controverting it on any ground, the instrument is to be deemed admitted and must be taken for what it appears on its face to be. But the plaintiff may controvert the instrument by evidence of fraud, mistake, undue influence, compromise, payment, statute of limitations. estoppel, and the like defenses, under section 462 of the Code of Civil Procedure. In short, he may by evidence controvert the instrument upon any and all grounds, except that he can not controvert its due execution nor its genuineness. By genuineness is meant nothing more than that it is not spurious, counterfeit, or of different import on its face from the one executed, but is the identical instrument executed by the party. (Sloan v. Diggins, 49 Cal. 38; Crowley v. City R. R. Co., 60 Cal. 628; Fox v. Stockton Etc. Works, 73 Cal. 273; Petersen v. Taylor, 34 Pac. Rep. 724 (not in Reports); In re Carcelon, 104 Cal. 570; 43 Am. St. Rep. 134; Carpenter v. Shinners, 108 Cal. 359; Rosenthal v. Merced Bank, 110 Cal. 198.)"

Sections 119 and 120 of our Code of Civil Procedure read, thus:

"Sec. 119.—When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified.

"Sec. 120.—When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument

are deemed admitted, unless the plaintiff file with the secretary within ten days after receiving a copy of the answer, an affidavit denying the same and serve a copy thereof on the defendant.''

· As indicating in a general way the probable origin, history, purpose and principle underlying such statutory provisions, reference may be made in passing to 21 R. C. L., page 559, section 118, and to 4 Wigmore, page 3627, section 2596.

''In the absence of an estoppel, a want or failure of consideration for the bill or the note sued on constitutes a good defense in an action between the original parties thereto, even though the consideration is expressed therein or is expressly acknowledged by the words 'value received.' Thus, where the payee sues on a note, it is a defense that the maker was induced to sign by a contemporaneous parol promise which was subsequently broken.'' 8 C. J. page 744, section 1018.

''If the amount to be deducted is ascertainable, by the great weight of authority, even where not expressly authorized by statute, want or failure of consideration total or partial, is a defense either in toto or pro tanto as the case may be, to an action on a note given for the purchase price of property, where the action is between the original parties or by a subsequent holder of the note chargeable with knowledge or notice of the equities of the buyer.'' Note to *Daniels v. Englehart,* 39 L. R. A. (N. S.) 939, and cases cited.

''It is another exception to the general rule under discussion that, in actions where written agreements are involved, the consideration stated is generally open to explanation. Thus, on *notes* or *other contracts,* the defense is frequently interposed that the agreement was without consideration, or that the consideration has failed; and proof sustaining such a defense is admissible, provided it does not in other respects vary the legal effect of the contract * * * and it is now the rule generally adopted that the real consideration may be proved although different from that expressed.'' Jones on Evidence, section 468.

''At this point it is necessary to discriminate. The evidence over which the dispute arises may be to the effect that the instrument was not intrusted to the payee with the intention of creating a legal obligation; that whether or not a legal obligation should be created depends upon a contingency; or it may be to the effect simply that the enforcement of the obligation is dependent upon the contingency.

In the former case what is attempted to be shown by the evidence is that the written instrument never became a contract; in the latter case it is assumed that the instrument became a contract; the evidence is directed merely to the enforcement of the obligation of the contract.

\*          \*          \*          \*          \*          \*          \*

"The principles as above stated are clear. But it is exceedingly difficult to determine from the evidence whether a situation is presented in which the intent of the parties went to the delivery of the instrument, making it conditional, or merely to its obligation. This is a difficulty that confronts the courts when it becomes necessary to decide upon the character of the evidence. The courts have not always met this difficulty squarely by characterizing the evidence either as showing an agreement that the instrument should not take effect as a valid contract except upon the contingency, or as showing merely an agreement going to the performance thereof. \*  \*  \*

" \*  \*  \* In case the condition went to the payment merely, the instrument may be defeated by showing a lack of consideration, or that the consideration has failed; but this is by virtue of an independent rule, unconnected with conditions attaching either to the delivery or to the obligation." L. R. A. 1917 C, 306, 308.

"Although the genuineness and the execution of an instrument set up in the answer are deemed admitted by a failure to file an affidavit denying it, yet the plaintiff may controvert it by evidence of fraud, mistake, undue influence, compromise, payment, statute of limitations, estoppel, and like defenses; in short, he may, by evidence, controvert the instrument upon any and all grounds, other than its due execution or genuineness. Moore v. Copp, 119 Cal. 429; 51 Pac. 630; Reynolds v. Pennsylvania Oil Co., 150 Cal. 629; 89 Pac. 610. Evidence of mistake, fraud, and the like, may be given to controvert the instrument, although its genuineness and due execution are admitted. Newson v. Woolacott, 5 Cal. App. 722; 91 Pac. 347; California Packers Co. v. Merritt Fruit Co., 6 Cal. App. 507; 92 Pac. 509. \*  \*  \*

"Although an affidavit of the plaintiff, denying the genuineness and the due execution of a note, pleaded in the answer, comes too late, yet he has the right to controvert the note by showing any other matters in confession or avoidance thereof. Myers v. Sierra Valley Stock Etc. Ass'n., 122 Cal. 669; 55 Pac. 689. The failure of the plaintiff, in an action to foreclose a mortgage, to file an affidavit denying the genuineness and the due execution of a written instru-

ment, set forth in the answer, purporting to extend the time of payment of the notes secured by the mortgage, does not preclude proof by the plaintiff that the extension of time was without consideration. Brooks v. Johnson, 122 Cal. 569; 55 Pac. 423." Fairall's Code of Civil Procedure, Part 1, pages 448, 449. Notes.

"But the effect of the failure to file an affidavit under section 448 is merely to admit the genuineness and due execution of the instrument. Notwithstanding such admission, it may be shown that the instrument was executed under undue influence and by mistake (*Moore* v. *Copp*, 119 Cal. 429, [51 Pac. 630]) or that there was no consideration for it (*Brooks* v. *Johnson*, 122 Cal. 569, [55 Pac. 423]) or that the transfer, although absolute in form, was in fact a mortgage. (*Clarke* v. *Fast*, 128 Cal. 422, [61 Pac. 72])." *Cordano* v. *Wright*, 159 Cal. 616.

"Plaintiff failed to file the affidavit of denial required by this section and he thereby admitted the execution and genuineness of the receipt. It was still open to him on the trial to contradict or explain the receipts by written or parol testimony. Having failed to do this he is bound by what the receipts purport on their faces to mean (Carpenter v. Shinners, 108 Cal. 362, [41 Pac. 473]); (Brooks v. Johnson, 122 Cal. 569, [55 Pac. 423]); (Newsom v. Wollacott, 5 Cal. App. 723, [91 Pac. 347]), and their substance is the acknowledgement of the payment of all moneys owing from Whitaker & Ray to Dr. Montague's estate." *McKenzie* v. *Ray*, 168 Cal. 622.

In the absence of any more persuasive reason and authority than is contained in the brief for appellant herein we are constrained to hold that, as between the maker and the payee named in a purchase-money note reciting a cash consideration and copied in a complaint, the judicial admission as to the execution and genuineness thereof, through failure to verify an answer containing a general denial followed by new matter constituting a valid defense and disclosing the true consideration together with a total failure thereof, does not exclude evidence in support of the plea last mentioned.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.