CATHARINE BENJAMIN, Appellant, *v.* LUTHER WELCH, Respondent.

73h     371|
68 AD⁵383|

*Request for the direction of a verdict — description of land — when monuments are to be disregarded — testator's intent — location of premises, when a question of fact — when the enumeration of the quantity of land conveyed is superfluous.*

When, at the close of a trial, the plaintiff and the defendant each request the court to direct a verdict in his favor, and a verdict is directed in favor of one of the parties, the party against whom the verdict is rendered not asking to go to the jury, it constitutes in effect an agreement that the court shall pass upon whatever disputed questions of fact there are in the case.

The established rules with reference to the construction of descriptions contained in conveyances require courts to adopt such an interpretation thereof as shall give effect to the instrument according to the intention of the parties, if that is discoverable from legitimate sources of information. In giving effect to such intention, it is also their duty to reject false or mistaken particulars, provided there be enough of the description remaining to enable the court to locate the land intended to be conveyed.

When it appears from the designation of quantity, or other elements of description, that the courses and distances from a fixed and determined line were intended to control monuments, then the latter should be disregarded.

The intention of the parties, as evidenced by the deed, is in all cases to determine the location of the premises.

The question of a testator's intent is to be derived from the will itself in the light of such surrounding circumstances as may be properly considered, and the court may reject words and limitations and supply or transpose them to get at the correct meaning.

Whenever the location of premises is doubtful, through uncertain, inconsistent or conflicting terms of description in the deed, the proper location of the

premises becomes a question of fact to be determined by the jury on all the evidence.

The enumeration of the quantity of land conveyed, after a description thereof, is superfluous, immaterial and only matter of description.

APPEAL by the plaintiff, Catharine Benjamin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tioga on the 5th day of June, 1893, upon a verdict directed by the court at the Tioga Circuit, dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 5th day of June, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

*Clark & Tuthill*, for the appellant.

*S. Jay Ohart*, for the respondent.

MERWIN, J.:

This is an action of ejectment. The plaintiff seeks to recover the possession of about eight acres of land in the town of Richford, Tioga county, as devisee under the last will and testament of her father, Thomas Welch, deceased. The defendant also claims under the same will. At the close of the trial the defendant asked the court to direct a verdict in his favor, and the plaintiff asked the court to direct a verdict in her favor. The court denied the motion of the plaintiff and granted the motion of the defendant and directed a verdict in his favor, dismissing the plaintiff's complaint. The plaintiff did not ask to go to the jury. So that in effect it was agreed that the court should pass upon whatever disputed questions of fact there were in the case. (*Dillon* v. *Cockcroft*, 90 N. Y. 649.)

The controversy in this case relates to the boundaries of the devise to the plaintiff.

The will of Thomas Welch is dated January 8, 1873. In it are the following provisions:

" After the payment of my debts & funeral expenses I give & bequeath to my wife, Nancy Welch, all my household furniture and all my personal property. I also give and devise to my said wife the use of sixty acres of land lying on the East side of the road, being the same that my son Luther now resides on, to be held during her life.

"I also give to my said wife the use of twenty-four acres in the North East corner of one hundred and four acres on which I now reside, to be held by her during her life, said 24 acres bounded on the East by the road, on the South & West by a road running through said 104 acres.

"At the decease of my said wife I give & devise to my daughter Sary Melia Welch the said mentioned sixty acres of land lying on the East side of the road. And I direct that she pay to my daughter Catharine Benjamin one hundred and twenty dollars in two equal payments after my decease, which said $120 I give to my said daughter Catharine Benjamin. I also give & devise to my said daughter Catharine, at the decease of my said wife, the said twenty-four acres.

"I give and devise to my son Luther Welch all the rest, residue and remainder of my real estate, subject to the payment to be made by him of the sum of seven hundred dollars, to pay the same on a mortgage now on my land of about that amount, & if not so much as that remains due on the mortgage to pay the residue to my Executors to be equally divided among my children.

"I have heretofore given to my son Rufus what land I intended for him to have of my estate.

"I will and direct that my daughter Sary Melia have a home and support (so long as she chooses to remain with her mother), on & from the property herein given to her mother and herself."

At the time of making the will, the testator had a wife, Nancy Welch, and four children, Luther, Catharine, Sarah Amelia and Rufus. All are named in the will. He owned two farms, upon one of which he then lived. This is called in the will 104 acres, but, as the evidence shows, it contained about 111 acres. The other farm, consisting of about sixty acres, was situated east or southeast of the homestead farm, and was on the opposite side of a highway called the Harford Mills road. On this sixty acres was a dwelling house, in which his son Luther then lived. After the will was made, and before his father's death, Luther went to live with his father on the home farm. The father died some time prior to 1885. The widow, Nancy Welch, died December 20, 1885.

The home farm was in a compact body; the north and west lines were substantially straight and nearly at right angles. The eastern

boundary was the highway called the Harford road, and its direc-
tion was nearly north and south. The southern boundary was a
highway called the Harford Mills road. This intersected the Har-
ford road at nearly right angles at the southeast corner of the farm,
and then tending somewhat southerly it proceeded to the southwest
corner of the farm. From this road, about eighteen rods westerly
from the southeast corner of the farm, there proceeded across the
farm a private road. This ran northwesterly some distance and
then turned and ran about north to the north line of the farm. The
amount of land inclosed within the two highways, the private road
and the northern line of the farm is about thirty-two acres. The
plaintiff, after her mother's death, entered into and is now in pos-
session of twenty-four acres, the northern part of the thirty-two.
The eight acres in controversy is the southern part, and on that is
the homestead in which the testator lived. There is no other dwell-
ing house on the home farm.

The plaintiff claims that the whole thirty-two acres belongs to
her as being within the description contained in the will. The
defendant claims that the plaintiff is only entitled to twenty-four
acres in the northeast corner of the farm, and that she now has that
and is not entitled to the balance.

If the plaintiff's contention is right she gets, not twenty-four acres
in the northeast corner of the 104 acres, but about thirty-two acres
on the east side of the farm. If the defendant's contention is right
the twenty-four acres is not bounded on the south by a road run-
ning through the 104 acres, but by an imaginary line parallel to the
north line of the lot and connecting the eastern highway with the
private road far enough south from the north line to include twenty-
four acres. It may be observed that the private road is not the
entire southern boundary of the thirty-two acres, it being partially
bounded by the Harford Mills road. In this respect the language
of the will, " on the south and west by a road running through said
104 acres," and on which the plaintiff relies, is not entirely accurate.

In regard to conveyances it is said by Chief Judge RUGER in
*Brookman* v. *Kurzman* (94 N. Y. 276) as follows: " The long-
established rules with reference to the construction of descriptions.
contained in conveyances require courts to adopt such an interpre-
tation thereof as shall give effect to the instrument according to the

intention of the parties, if that is discoverable from legitimate sources of information. (*Jackson* v. *Clark*, 7 Johns. 217; *Buffalo, N. Y. & Erie R. R. Co.* v. *Stigeler*, 61 N. Y. 348.) In giving effect to such intention it is also their duty to reject false or mistaken particulars, provided there be enough of the description remaining to enable the land intended to be conveyed to be located. (*Hathaway* v. *Power*, 6 Hill, 454; *Wendell* v. *People*, 8 Wend. 189; *Loomis* v. *Jackson*, 19 Johns. 452.)" So it is said in *Buffalo, N. Y. & E. R. R. Co.* v. *Stigeler* (61 N. Y. 351) that when it appears, from the designation of quantity or other elements of description, that the courses and distances from a fixed and determined line were intended to control monuments, then the latter should be disregarded; that the intention of the parties as evidenced by the deed is in all cases to determine the location of the premises.

In the present case, the question is what was the intent of the testator, and that is to be derived from the will itself, in the light of such surrounding circumstances as may be properly considered. In such a case the court may reject words and limitations, supply or transpose them, to get at the correct meaning. (*Phillips* v. *Davies*, 92 N. Y. 204.) Did the testator intend to limit the devise to twenty-four acres, or did he intend to devise all easterly of the private road, including the homestead?

The testator had two sons and two daughters. To one of the sons he had previously given what he intended him to have from his landed estate. The other son, the defendant, lived with his family in a dwelling house on the sixty-acre farm. One of the daughters lived with her parents; the other, the plaintiff, as it may be inferred, did not. The testator gives to his wife the use of the sixty acres for her life, and then gave the same to his daughter Sarah, who lived at home, thus providing her with a home. He also gave to his wife for her life the use of "twenty-four acres in the northeast corner" of the home farm, and after her death gave the same to the plaintiff. The balance of the home farm he gave to the defendant. The latter apparently had need of a dwelling house, and he was to have the larger part of the home farm. The provisions for the wife are not in lieu of dower. Is it probable that the testator intended that his son Luther should not have either of the houses on his two farms? If the testator had intended the plaintiff to have the home-

stead, would he not have so stated? On the contrary, he says in precise terms "twenty-four acres." The amount is specific and is uppermost in the mind of the testator as it is first named. It designates so much out of a larger quantity. It is not the case of a description of land followed by a statement of the quantity, in regard to which it is said by Judge SPENCER, in *Mann* v. *Pearson* (2 Johns. 41), that "the enumeration of quantity, after a description of the subject, is superfluous and immaterial, and in any view only matter of description." It is rather the case of inconsistent descriptions, and in such a case that is to be adopted which will carry out the apparent intention. (*Harris* v. *Oakley*, 2 N. Y. Supp. 305.) The designation of twenty-four acres in the northeast corner is certain and definite, and the southerly line can be readily located within the limit of the highway and the private road. (*Kellogg* v. *Vickory*, 1 Wend. 406.)

In *Partridge* v. *Russell* (18 N. Y. St. Repr. 687) it is said that whenever the location of the premises is doubtful, through uncertain, inconsistent or conflicting terms of description in the deed, the proper location of the premises becomes a question of fact to be determined by the jury on all the evidence. In the present case, whatever question of fact there is has been determined adversely to the plaintiff.

Having in view the surrounding circumstances, it should, I think, be held that the intention of the testator was to give to the plaintiff only twenty-four acres in the northeast corner within the limit of the highway on the east and the private road on the west. The will is capable of a construction to carry out this intent, and it should be so construed, as it has been done by the court below.

It follows that the judgment should be affirmed.

HARDIN, P. J., concurred; MARTIN, J., not voting.

Judgment and order affirmed, with costs.