[Civ. No. 301.   First Appellate District.—November 23, 1906.]

MAURICE L. BARLING, Respondent, v. S. F. WEEKS, Administrator of Estate of S. F. WEEKS, Deceased, Appellant.

ORDER SETTING ASIDE DEFAULT—DISCRETION—PROPER EXERCISE.—The granting of a motion to set aside a default against a litigant through his mistake, inadvertence or excusable neglect, is largely in the discretion of the trial court, the proper exercise of which should tend, in a reasonable degree, to bring about a judgment on the very merits of the case, and a hesitating doubt should, as a general rule, be resolved in favor of the application. It is only where there is a clear abuse of discretion that this court will interfere; and no such abuse appears in the present case.

ID.—ACTION BY SURETY—NOTE MARKED ''PAID''—IMPLIED ASSUMPSIT —STATUTE OF LIMITATIONS—EXCUSABLE DEFAULT AS TO AMENDED COMPLAINT—ASSIGNED NOTE.—Where the original complaint by a surety against the principal appended a copy of a note stamped ''paid,'' and showing no indorsement to plaintiff, was upon an implied assumpsit, and a demurrer thereto was sustained on the ground that the cause of action was barred by the statute of limitations, with leave to amend, and excusable neglect appears in failing to file an amended complaint in time, and plaintiff presented

an affidavit of merits, with a verified amended complaint, alleging that the note was assigned to plaintiff by the payee, and stating a cause of action thereon, there was no abuse of discretion in setting aside the default, and allowing the amended complaint to be filed.

ᴵᴰ.—NOTE ASSIGNABLE BY SEPARATE INSTRUMENT—APPEARANCE OF PAYMENT NOT CONCLUSIVE.—A note may be assigned by a separate instrument, though no assignment or indorsement to plaintiff appears thereon. The fact that it is stamped ''paid'' on its face is not conclusive against the verified averment that it was transferred and assigned to the plaintiff.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a default of plaintiff, and allowing him to file an amended complaint. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

J. M. Rothchild, for Appellant.

Campbell, Metson & Campbell, for Respondent.

HALL, J.—This is an appeal from an order granting plaintiff's motion to set aside the default of plaintiff for failure to file an amended complaint after demurrer sustained, and granting plaintiff leave to file an amended complaint.

The motion was made upon the usual ground that the failure to file the amended complaint in time occurred through the mistake of plaintiff's attorney, and it is first urged as a ground for the reversal of the order that the showing made by plaintiff as to the mistake was insufficient to justify the order made by the court.

The granting of motions to set aside defaults taken against a litigant through his mistake, inadvertence or excusable neglect lies largely in the discretion of the trial court, and this court will only interfere where it appears that the trial court has abused its discretion. In *Watson* v. *San Francisco & H. B. R. R. Co.*, 41 Cal. 17, it is said: ''The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as

a general rule, that the doubt should be resolved in favor of the application." (See, also, *Nicholl* v. *Weldon,* 130 Cal. 666, [63 Pac. 63]; *Winchester* v. *Black,* 134 Cal. 125, [66 Pac. 197]; *Wolf & Co.* v. *Canadian Pacific Ry.,* 89 Cal. 332, [26 Pac. 825]; *Melde* v. *Reynolds,* 129 Cal. 308, [61 Pac. 932]; *Pelegrinelli* v. *McCloud River Lumber Co.,* 1 Cal. App. 593, [82 Pac. 695].)

The record in the case at bar shows that after the filing of plaintiff's original complaint a demurrer thereto was filed, but before action thereon an amended demurrer was filed. This demurrer was sustained December 12, 1902, with leave to plaintiff to amend her complaint in ten days. Notice of the order sustaining the demurrer, with leave to amend the complaint, was served on the attorneys for plaintiff December 16, 1902. The affidavit of Robert W. Campbell, one of the attorneys for plaintiff, shows he is one of the firm of Campbell, Metson & Campbell, the attorneys of record for plaintiff. That on the fifth day of December it was reported to him by one of the clerks of said firm that upon the calling of the demurrer for argument in the court in which the action was pending an amended demurrer was filed, argued and submitted upon briefs, five and five, plaintiff to submit first brief. Plaintiff thereafter, on December 10, 1902, served and filed her brief. On December 13th affiant noticed in the "Daily Recorder," the official organ of the court, under the heading of "Yesterday's Proceedings, Department One of said Superior Court, Seawell, J.," the following: "82661. Barling v. Weeks. Administrator etc., Dem. to complaint sustained, ten days to amend." That there was also in said "Recorder" of said date under the title of "Yesterday's Proceedings, Dept. 2, Murasky, J.," the following entry: "21, Barling v. Weeks Adm. etc., Amd. dem. to compl. ordered off calendar." "That affiant, observing the above-mentioned entries in said 'Recorder' of said 13th day of December, 1902, and noticing the conflicting terms thereof, believed that an error had been committed. That thereafter, on the 15th day of December, 1902, affiant's belief was confirmed by the receipt of defendant's brief in support of demurrer, which was served on said firm on said 15th day of December. That thereafter, and on the 16th day of December, the said firm of Campbell, Metson & Campbell received a copy of the notice of sustaining of the demurrer,

with ten days to amend, said notice specifying that said de-
murrer had been by the above-entitled court, Department No.
2 thereof, sustained. That affiant, believing that said notice
was an error, and that it had been based upon what affiant
believed to be an erroneous and incorrect entry in the 'Re-
corder' of said 13th day of December, caused inquiry and
investigation to be made at the office of the County Clerk
of the City and County of San Francisco, and on the 18th
day of December requested Thomas A. Keogh, one of the
clerks in the employ of said firm of Campbell, Metson &
Campbell, to make such inquiry and investigation. That said
Thomas A. Keogh reported back to affiant that he had inves-
tigated the records in said cause, and made in the record
book in the office of said firm the following entry: 'Barling
v. Weeks, Demurrer sustained Dept. 2, December 17, 10 days
to amend.' ''

Affiant further stated that he believed the report of Keogh,
and that it confirmed his former belief as to the error in the
entry in said "Recorder" of December 13th, and he believed
that the notice of the sustaining of the demurrer had been
erroneously given. That he was also influenced in this be-
lief by the additional fact that the amended demurrer had
been submitted on December 5th upon briefs, whereas the
entry in the "Recorder" with respect to the sustaining of
the said demurrer, and also the notice received by affiant's
firm, referred to the demurrer of defendant, and not to the
amended demurrer.

The affidavit was accompanied by the usual affidavit of
merit made by plaintiff, and by a verified amended complaint
offered for filing.

From the foregoing facts we cannot say that the court
abused its discretion in finding that the default was entered
through the excusable mistake of plaintiff.

It is further urged that the default should not have been
opened, nor leave granted to file the amended complaint, be-
cause the same was not in furtherance of justice. The orig-
inal complaint set forth an action to recover money paid by
plaintiff as surety upon a note, although she did not appear
to be such surety on the face of the note. The original com-
plaint does not allege an assignment, indorsement or trans-
fer of the note to plaintiff, but she sought to recover upon an
implied assumpsit arising from the fact that as surety she

had paid the note. A copy of the note is attached to the complaint, and it appears to be stamped "Paid." A demurrer that the action was barred by section 339, subdivision 1, Code of Civil Procedure, was sustained, with leave to amend.

In the amended complaint it is alleged that the note was transferred and assigned to plaintiff, and she seeks to recover as the owner of the note. Upon this theory of her case the action is not barred by the above section, and it is not contended that the amended complaint does not state a cause of action. It is, however, insisted that the amended complaint is inconsistent with the facts set forth in the original, and therefore must be false and sham, and an order allowing the same to be filed would therefore not be in furtherance of justice.

Upon this point much stress is laid upon the fact that the copy of the note set forth in the original complaint does not appear to be indorsed to plaintiff, but bears the stamp "Paid" upon its face. This may all be true, and yet the note may have been transferred and assigned to plaintiff. It may have been transferred and assigned by a separate instrument, and the fact that the note is stamped "Paid" is not conclusive on this point. The amended complaint is duly verified, and the motion was accompanied by an affidavit of merit, in which plaintiff stated that she had fully and fairly stated all the facts of the case to her counsel, and after such statement she was advised by them and believes that she has a good, true, legal and meritorious cause of action against defendant on its merits. We see no reason to hold that the trial court abused its discretion in opening the default or in allowing the amended complaint to be filed.

The order is affirmed.

Cooper, J., and Harrison, P. J., concurred.