[Civ. No. 16500. Second Dist., Div. Three. Dec. 30, 1948.]

MAX COHEN, Respondent, v. EDWARD J. KAUFMAN et al., Defendants; MRS. J. KAUFMAN, Appellant.

A. Brigham Rose for Appellant.

Henry W. Wyatt for Respondent.

VALLÉE, J.—Appeal by defendant Mrs. J. Kaufman, also known as Mrs. M. Kaufman, from a judgment for plaintiff against defendants Edward J. Kaufman and Mrs. J. Kaufman in an action on a promissory note. The complaint alleged that on May 29, 1945, defendants executed to plaintiff a promissory note in the sum of $3,000, that defendants have not paid any part of the note except $800. Appellant answered, denying that she was indebted to plaintiff, and alleging want of consideration. The court found that the defendants executed the note for value received and that only $800 had been paid thereon.

Appellant claims (1) that the finding that she received value for the execution of the note is unsupported by the evidence, (2) that the amount of $1,000 which was credited on the back of the note by respondent establishes that the demand of $2,200 was unjustified, and (3) that the court erred in permitting the defendant Edward J. Kaufman to testify as a rebuttal witness in behalf of respondent.

Plaintiff testified that on May 29, 1945, defendants handed him a promissory note in the amount of $3,000, signed by them, that on July 1, 1945, $800 of the $3,000 was paid. He testified that prior to the execution of the note, he told Mr. and Mrs. Kaufman that he would not give them merchandise without a note and that both of them would have to sign it; that they all went to his attorney's office to "get the note . . . and then they both signed it." He stated that the merchandise was sold to "Mr. and Mrs. Kaufman"; that Mr. Kaufman moved it to a place he operated "and Mrs. Kaufman's office, too, and store"; that later he also saw "my merchandise in their house."

Defendant Edward J. Kaufman testified that "we went down to Mr. Cohen's office to buy the merchandise." He also testified that he moved the merchandise to "both places. In

Mrs. Brod's [appellant's] store I gave some jewelry and stuff, and the rest of them I moved to 236 South Figueroa, and the rest of it I moved out on 1323 San Pedro Avenue"; that we still owe him $2,200 on the note.

Appellant testified that she never did business with plaintiff.

Defendant Edward J. Kaufman was called in rebuttal by plaintiff under Code of Civil Procedure, section 2055. He testified that the promissory note was signed in the office of plaintiff's attorney, there being present, in addition to plaintiff's lawyer, Mr. Cohen, a Mr. Phariss, and he and his wife; that Mrs. Kaufman signed the note at that time, nothing being said to her about signing as a witness only. On cross-examination he stated that after he signed the note he did not see it again until "just right now when I saw it on the table . . . I just passed by and noticed a note down there, and I knew which one I signed."

The note was produced by and introduced in evidence by plaintiff. It is the amount of $3,000, signed by Edward J. Kaufman and Mrs. M. Kaufman, and witnessed by Alan Phariss. It bears the following indorsement in typewriting on the back: "July 1, 1945 Paid $1,000.00."

█ The evidence supports the finding that appellant received consideration for executing the note. Civil Code, section 3105, provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Code of Civil Procedure, section 1963, subdivisions 21 and 39, respectively, provide: "21. That a promissory note or bill of exchange was given or indorsed for a sufficient consideration; . . . 39. That there was a good and sufficient consideration for a written contract." These presumptions are sufficient evidence of consideration to support the finding. (*Egilbert* v. *Hall,* 44 Cal.App.2d 305, 308 [112 P.2d 291].) Furthermore, plaintiff testified that he delivered merchandise to appellant in consideration of the execution of the note.

█ The respondent-plaintiff had possession of the note bearing the indorsement "July 1, 1945 Paid $1,000.00." The inference arose that $1,000 had been paid. (Cf., *Bank of Italy etc. Assn.* v. *Bettencourt,* 214 Cal. 571, 577 [7 P.2d 174]; *Egilbert* v. *Hall,* 44 Cal.App.2d 305, 308 [112 P.2d 291]; *Marchese* v. *Marchese,* 61 Cal.App.2d 307, 309 [142 P.2d 936].) The inference was not conclusive. It was subject to contradiction by parol evidence. (*McKenzie* v. *Ray,* 168 Cal. 618,

623 [143 P. 1018]; *Coats* v. *General Motors Corp.*, 3 Cal.App. 2d 340, 352 [39 P.2d 838].) ■ The fact that a note is stamped "Paid" is not conclusive of payment. (8 Am.Jur. § 781, p. 436; *Barling* v. *Weeks*, 4 Cal.App. 455, 459 [88 P. 502].) The inference was merely some evidence as to the amount paid. ■ The burden was on respondent to overcome the inference. ■ He sustained the burden by his testimony that only $800 had been paid and by the testimony of defendant Edward J. Kaufman that defendants still owed $2,200 on the note. The inference and this evidence simply created a conflict for the trial court to decide. (*Marchese* v. *Marchese, supra,* p. 309.) The question being one of disputed fact, the finding cannot be disturbed by this court.

■ The contention that the court erred in permitting defendant Edward J. Kaufman to testify as a rebuttal witness in behalf of plaintiff is without merit. It is made for the first time on appeal. No objection was made in the trial court to his testimony. "It is a well-settled rule that a party cannot urge, for the first time on appeal, objections which could have been obviated if made in the court below. This doctrine is founded partly upon a sort of estoppel, for where the objection is one which could, if made in the court below, have been obviated, it would be clearly unjust for a party to withhold his objection until upon appeal, when it is too late to correct the defect." (2 Cal.Jur. § 74, p. 248.)

Appellant also appealed from an order denying her motion for a new trial. The appeal from this order is dismissed. (*Carlin* v. *Prickett*, 81 Cal.App.2d 688 [184 P.2d 945].)

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.