No. 41,792

WILLIAM HOLMES, JR., Administrator of the Estate of Brisco Price, Deceased, *Appellee,* v. WILLIE MAE PRICE, *Appellant.*

(852 P. 2d 5)

Opinion filed May 14, 1960.

*I. F. Bradley, Jr.,* of Kansas City, argued the cause and was on the briefs for the appellant.

*James N. Snyder,* of Leavenworth, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Brisco Price met his death while an employee of the Union Pacific Railroad Company. William Holmes, Jr., plaintiff

(appellee), was appointed administrator of the estate. No action to recover for Price's wrongful death was ever commenced. The administrator, with the consent and approval of the probate court, made a settlement with the railroad company for the sum of $7,250 and executed a general release to the company. The release made no reference to any statute or law under which the settlement was made or for which the release was given. Proceedings in the matter of the estate of the deceased for distribution of the cash settlement received by the administrator were had in the probate court and subsequently appealed to the district court.

The sole question to be determined is how the net proceeds received in the settlement for the wrongful death of Price should be distributed.

Defendant (appellant), Willie Mae Price, widow of the deceased, contends that the settlement and recovery of the money was based on the provisions of the Federal Employers' Liability Act and the proceeds must be apportioned among the beneficiaries of the estate of deceased according to the pecuniary loss sustained by each, and that she was the sole dependent.

Plaintiff administrator contends that inasmuch as no action was filed in any court (the settlement with the railroad company was obtained without suit), the money inured to the benefit of the widow and next of kin and should be distributed under the provisions of our statute of intestate succession. This statute (G. S. 1949, Ch. 59, Art. 5) provides, in substance, that if a decedent leaves a spouse and a child or children, one-half of decedent's property shall pass to the surviving spouse and one-half to the child or children.

We glean from a lengthy but inadequate record consisting mainly of colloquy between counsel and the court that deceased, Brisco Price, met his death in some manner while working for the Union Pacific Railroad Company; that he was survived by his widow, Willie Mae Price, and a son, Cassell Price, and that counsel for the administrator notified the railroad company he had a legal claim against the company for the wrongful death of Brisco Price under any one of the following: The Kansas workmen's compensation act (G. S. 1949, Ch. 44, Art. 5), the Federal Employers' Liability Act (45 U. S. C. A., §§ 51-59), the Kansas railroad act (G. S. 1949, 66-237), or the Kansas wrongful death act (G. S. 1949, 60-3203). Subsequent thereto an out-of-court settlement was made

between the administrator of the estate and the railroad company. The claim adjuster for the railroad testified that upon payment of the $7,250 he took a general release and that the release did not specify under what law it was taken; that it was simply a general release used in all cases, a printed form. The petition of the administrator for authority to make the settlement and the order of the probate court approving the settlement are not contained in the record and we are at a loss to know what these instruments comprised.

The trial court found that in dealing with the railroad company through its adjuster the administrator made claim under the four acts as aforementioned; that the company settled the claim and took a general release, and that there was no evidence the settlement was made under the federal act.

G. S. 1949, 60-3203 provides in pertinent part that when the death of a person is caused by the wrongful act of another, the personal representatives of the former may maintain an action therefor against the latter and the court or jury may award such damages as may seem fair and just, which damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, *to be distributed in the same manner as personal property of the deceased.*

The trial court further found that no suit was filed in the federal or any other court; that the administrator of the Price estate made a settlement without litigation and the question was how the administrator should make division of the amount he received; that the rule in such cases is that where an administrator is appointed division should be made in accordance with the provisions of the wrongful death statute (60-3203); that in some states the wrongful death statute provides for division among dependents, and if this were true in Kansas the position of defendant would have to be sustained but the Kansas wrongful death statute provides that recovery in such cases shall be distributed as personal property of the deceased under our statute of descent and distribution. The trial court entered judgment accordingly.

In *In re Badgett,* 226 N. Car. 92, 36 S. E. 2d 658, 171 A. L. R. 201, a widow was appointed administratrix of an estate and the deceased was survived by one minor child and one married adult child, who was not a dependent of the deceased. In litigation as to whether the married child, not dependent, should share in an

out-of-court settlement made by the administratrix, it was held that the money should be distributed in accordance with the statute of descent and distribution of the state of North Carolina. It appears that the great weight of authority is to the effect that when an out-of-court settlement is made, distribution of the proceeds should be made as provided by the statute of intestate succession.

Defendant complains that the trial court erred in permitting the administrator to file an amended reply to her answer. We will not labor the point. This court is committed to the rule that the allowance or refusal of amendments to pleadings is within the sound discretion of the trial court and it is only where there is a manifest abuse of that discretion that reversible error can be predicated thereon. (*Beye v. Andres,* 179 Kan. 502, 296 P. 2d 1049; *Harvey v. Palmer,* 179 Kan. 472, 477, 296 P. 2d 1053.)

In view of the foregoing, defendant has failed to make it affirmatively appear that the trial court erred in its judgment, which is affirmed.

It is so ordered.