No. 50,374

MARY JOHNSON, Natural Mother, and MARVIN GILKESON, Natural Father, of Rex. A. Gilkeson, Deceased, *Appellees,* v. WEST K. McARTHUR and LONG-McARTHUR FORD, INC., A Corporation, *Appellants.*

(596 P.2d 148)

Opinion filed June 9, 1979.

*J. H. Eschmann,* of Ascough, Bausch, Eschmann, of Topeka, argued the cause, and *John A. Bausch,* of the same firm, was with him on the brief for the appellants.

*Kenneth M. Carpenter,* of Carpenter, Myers, Newsom & Carpenter, Chartered, of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

McFARLAND, J.: In a wrongful death action, this is an interlocutory appeal, pursuant to K.S.A. 60-2102(*b*), from a denial of a motion by defendants to dismiss.

The facts relevant to the issue before us are not in dispute and are as follows. Rex A. Gilkeson and Linda Beth Gilkeson were husband and wife. On December 24, 1976, the Gilkeson automobile was involved in a collision with an automobile driven by defendant West K. McArthur. Both Mr. and Mrs. Gilkeson died as a result of injuries sustained in the collision, with the wife surviving the husband by thirty minutes. The Gilkesons had no

Re: Volume 226, Kansas Reports

**Erratum:** A word was erroneously deleted from the last sentence on page 128. Please add the word "children" to the sentence "The Gilkesons had no children."

On May 5, 1977, Mary Johnson and Marvin Gilkeson (parents of Rex), plaintiffs herein, commenced this action for the wrongful death of their son, seeking $2,500 for funeral expenses and the statutory maximum of $25,000. On August 16, 1977, the administrator of the estate of the wife (Linda Beth) commenced a wrongful death action against defendants for the wrongful death of Rex (No. 77C124, district court of Dickinson County). Despite statements to the contrary at oral argument of this appeal, the record reflects the two cases have not been joined and continue as separate actions.

On August 17, 1977, defendants moved to dismiss the case herein (action by Rex's parents) on the ground the plaintiffs were not heirs at law of Rex and, accordingly, had no right to bring the action. On June 8, 1978, the district court denied the motion to dismiss. On August 10, 1978, on motion to reconsider, the court made the following order, in relevant part:

"The basis of the defendants' motion is that the plaintiffs were not the heirs-at-law of Rex A. Gilkeson and have no right to bring an action pursuant to the Kansas Wrongful Death Act for the reason that Rex A. Gilkeson, at the time of his death, was married to Linda B. Gilkeson, his spouse. That Linda B. Gilkeson died approximately 30 minutes after the death of Rex A. Gilkeson, and since she did survive him, Linda B. Gilkeson's personal representative is the only person who has the right to bring a wrongful death action for the loss of Rex A. Gilkeson.

"THEREUPON, the court after hearing arguments of counsel and being duly advised in the premises and upon reconsideration of said motion finds, that K.S.A. 60-1902 provides that the action may be maintained by any one of the heirs-at-law of the deceased who has sustained a loss by reason of the death, and that the action shall be for the exclusive benefit of all the heirs who have sustained a loss. The court finds that the personal representative of Linda B. Gilkeson does not have the exclusive right to bring the action and therefore the defendant's motion to dismiss should be denied.

"The court further finds that the question concerning who is an heir-at-law so as to have the right or exclusive right to bring a wrongful death action involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order pursuant to the provisions of K.S.A. 60-2102 may materially advance the ultimate termination of this litigation.

"The Court further finds that the proceedings herein should be stayed until the appellate court has considered the defendants' application for an interlocutory appeal."

The defendants' appeal was duly perfected and the appeal was permitted on transfer to this court from the Court of Appeals.

The sole question involved in this appeal is who is an heir at

law of a deceased so as to be the real party in interest in bringing an action for wrongful death under the provisions of K.S.A. 60-1901 *et seq.* This is a question of first impression.

The statutory provisions pertaining to wrongful death actions are as follows:

**K.S.A. 60-1901. Cause of action.**

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased."

**K.S.A. 60-1902. Plaintiff.**

"The action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has sustained a loss regardless of whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article."

**K.S.A. 60-1903. Amount of damages.**

"In any such action, the court or jury may award such damages as are found to be fair and just under all the facts and circumstances, but the damages, other than pecuniary loss sustained by an heir at law, cannot exceed in the aggregate the sum of twenty-five thousand dollars ($25,000) and costs."

**K.S.A. 60-1904. Elements of damage.**

"Damages may be recovered for, but are not limited to: mental anguish, suffering, or bereavement; loss of society, companionship, comfort, or protection; loss of marital care, attention, advice or counsel; loss of filial care or attention; and loss of parental care, training, guidance, or education, and the reasonable funeral expenses for the deceased. If no probate administration for the estate of the deceased has been commenced, expenses for the care of the deceased which resulted from the wrongful act may also be recovered by any one of the heirs who paid or became liable for the same. Such expenses and also any amount recovered for funeral expenses shall not be included in the limitation of K.S.A. 60-1903."

**K.S.A. 60-1905. Apportionment of recovery.**

"The net amount recovered in any such action, after the allowance by the judge of costs and reasonable attorneys fees to the attorneys for the plaintiffs, in accordance with the services performed by each if there be more than one, shall be apportioned by the judge upon a hearing, with reasonable notice to all of the known heirs having an interest therein, such notice to be given in such manner as the judge shall direct. The apportionment shall be in proportion to the loss sustained by each of the heirs, and all heirs known to have sustained a loss shall share in such apportionment regardless of whether they joined or intervened in

the action; but in the absence of fraud, no person who failed to join or intervene in the action may claim any error in such apportionment after the order shall have been entered and the funds distributed pursuant thereto."

The foregoing statutes became effective January 1, 1964. The prior statutory provisions relative to wrongful death actions are as follows:

### G. S. 1961 Supp. 60-3203.

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two (2) years. In any such action, the court or jury may award such damages as may seem fair and just under all the facts and circumstances, but the damages cannot exceed twenty-five thousand dollars ($25,000) and must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. Damages may be recovered hereunder for, but not limited to: (a) Mental anguish, suffering or bereavement; (b) loss of society, companionship, comfort or protection; (c) loss of marital care, attention, advice, or counsel; (d) loss of filial care or attention; and (e) loss of parental care, training, guidance or education."

### G. S. 1949, 60-3204.

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The changes between the present wrongful death statutes and their predecessors were summarized in *Frost v. Hardin,* 1 Kan. App. 2d 464, 469, 571 P.2d 11 (1977), *approved and adopted* 224 Kan. 12, 577 P.2d 1172 (1978), as follows:

"That action was brought under our present statutes' predecessors, particularly G.S. 1961 Supp. 60-3203 and G.S. 1949 60-3204, which encompassed a scheme significantly different from the present statutes in at least two respects. First, priorities were established among potential plaintiffs: (a) the personal represent- atives, if any; (b) the surviving spouse, if any; and (c) 'the next of kin,' but only if there was no one in either of the first two categories. The present statute, it will be noted, authorizes the action to be brought by 'any one of the heirs at law.' Second, under former 60-3203, the recovery was distributed to the decedent's heirs according to the statutes governing personal property in cases of intestacy. (*Holmes, Administrator v. Price,* 186 Kan. 623, 352 P.2d 5.) Although the elements of damage (mental anguish, filial or parental care, etc.) are similar under both the old and new statutes, distribution under present 60-1905 is 'in proportion to the

loss sustained by each of the heirs' rather than under the former intestacy formula."

The pivotal issue is who are the heirs at law of Rex. A. Gilkeson that are entitled to bring the wrongful death action. Defendants contend the wife was the sole heir at law and, accordingly, the administrator of her estate is the only person authorized to bring the action. The plaintiff parents contend they are also heirs at law and thus may maintain an action. The district court concurred with the parents.

In interpreting our present statutes' predecessors, in *Ellis v. Sill,* 190 Kan. 300, Syl. ¶ 4, 374 P.2d 213 (1962), this court held:

"The wrongful-death statutes, above [G.S. 1961 Supp. 60-3203 and G.S. 1949, 60-3204], create but one statutory cause of action, and a negligent wrongdoer can be compelled to answer but once for a single wrongful death—irrespective by whom the action is brought."

The statutory changes since *Ellis* do not alter that conclusion. See also *Frost,* 1 Kan. App. 2d 464.

Under the prior statutes the parents would be precluded from maintaining an action, as G.S. 1949, 60-3204 specifically provided the action should be maintained: (1) by the decedent's personal representative or, if none; (2) by the decedent's widow or, if none; (3) by the next of kin. Likewise, pursuant to G.S. 1961 Supp. 60-3203, only the widow could have participated in any recovery of damages (there being no children of the decedent). See *Ellis,* 190 Kan. 300.

The plaintiff parents contend the use of the term "heir at law" in the new wrongful death statutes as opposed to "next of kin" in the prior law, coupled with the apportionment of recovery based on loss rather than the intestacy formula, shows a clear legislative intent to broaden the class of individuals entitled to maintain the action or participate in any recovery. They define "heir at law" as simply any potential heir within the line of succession of a deceased person.

Defendants contend the wife is the sole heir at law to her husband and the parents of the deceased husband cannot maintain the action herein.

K.S.A. 59-504, a part of the Kansas Probate Code, provides:

"If the decedent leaves a spouse and no children nor issue of a previously deceased child, all the decedent's property shall pass to the surviving spouse. If the decedent leaves a spouse and a child, or children, or issue of a previously

deceased child or children, one-half of such property shall pass to the surviving spouse."

Defendants contend the wife is the next of kin, sole heir and sole heir at law, and the change in the statutes does not operate to permit the decedent's parents a joint right to bring the action.

At common law, an "heir" was the person to whom real property descended by inheritance. Personal property went to the "next of kin." *McCormick v. Maddy,* 186 Kan. 154, 159, 348 P.2d 1007 (1960). The intestate succession statutes have abrogated the common law rules and make no distinction between devolution of real and personal property. Vernon's Kansas Probate C., § 59-502, Author's Comment ¶ 502.2; see *McKinney v. Stewart,* 5 Kan. *384 (1870).

Under the prior wrongful death statute, "next of kin" meant those who inherit from a decedent under the law of descents and distributions. *Ellis,* 190 Kan. 300; see *Railway Co. v. Ryan,* 62 Kan. 682, 64 Pac. 603 (1901).

"Heir at law" is not defined in the wrongful death statute, nor has it been defined by wrongful death case law. Clearly, the spouse herein is an heir at law as stated in *Barr, Administratrix v. MacHarg, Administrator,* 203 Kan. 612, Syl. ¶ 2, 455 P.2d 516 (1969):

"A surviving spouse is an heir at law of the deceased and is a real party in interest to bring such an action under K.S.A. 60-1902 for losses sustained by her and the surviving children."

Prior Kansas cases make no distinction between "heir" and "heir at law."

In *Gardner v. Anderson, Trustee,* 116 Kan. 431, 435, 227 Pac. 743 (1924), the court said:

"[A]n 'heir' or 'heir at law' is simply the person designated by the statute who succeeds to the estate of a deceased person, and the statute may make anybody an heir."

In *Newby v. Anderson,* 106 Kan. 477, Syl. ¶ 2, 188 Pac. 438 (1920), the court stated:

" 'The statute may make any person an heir. An heir in law is simply one who succeeds to the estate of a deceased person.' (*McKinney v. Stewart,* 5 Kan. 384.) The statute of descents and distributions treats the husband as the heir of the wife; the wife as the heir of the husband. (Gen. Stat. 1915, §§ 3831, 3850.)"

In *Jackson v. Lee,* 193 Kan. 40, 392 P.2d 92 (1964), at pp. 43-44, the court held:

"Heirship and the right of inheritance, including the right of a spouse, are governed by other provisions of the statute. The right of heirship is determined by the laws of intestate succession. . . .

. . . . .

"Heirship is a legal right regulated by law. It is not a mere privilege. It is to be enjoyed subject to the conditions prescribed by statute. An 'heir,' as the word is commonly understood in this state, is one who takes by intestate succession under the Kansas statutes. This appears to be the rule elsewhere."

See also *McCormick v. Maddy,* 186 Kan. 154.

The present wrongful death statutes use the terms "heir" and "heir at law" interchangeably and make no visible distinction between the terms. We recognize that some jurisdictions distinguish the terms on the basis that an "heir" is one who succeeds to the property upon the death of another; whereas, an "heir at law" is an heir apparent—that is, the heir apparent has a prospect of future inheritance from a then living ancestor. We decline to make such a distinction and hold that "heir" and "heir at law" are synonymous terms.

"Next of kin," under the former statute, meant those who inherit from a decedent under the law of descents and distributions. *Ellis,* 190 Kan. 300, Syl. ¶ 3. Under the prior statute the widow was the person to bring the action if the deceased had no personal representative. If the deceased had neither a personal representative nor a widow, then the next of kin could maintain the action. This gave a preferential right to the widow as under the law of descents and distributions the widow and decedent's children would be the next of kin. Under the facts of this case (with no personal representative of the deceased) the wife, under the prior statute, would have had the exclusive right to bring the action as widow, and even without the widow's preferential right, would be solely authorized as next of kin to bring the action as there are no children. Accordingly, she is the widow and sole "next of kin" under the old statute, and sole "heir" and sole "heir at law" under the present statute.

K.S.A. 60-1902 provides that "the action may be commenced by any one of the heirs at law of the deceased who has sustained a loss." The deceased's parents are not "heirs at law" by virtue of K.S.A. 59-504 which makes the wife the sole heir or heir at law. We therefore conclude the district court erred in overruling the defendants' motion to dismiss the action herein.

Although the apportionment of recovery in accordance with loss provisions of K.S.A. 60-1905 are not directly before this court, the plaintiffs argue that these provisions show a legislative intent contra to the result we have reached. We do not agree. Under the former wrongful death statutes, recovery was apportioned by the law of descents and distributions. For example, if a man died without a spouse and left five children, each would receive 20% of the recovery. Under the present statute, one of the five children could receive 100% of the net recovery if he or she suffered all of the loss. Accordingly, the result reached herein does not nullify the effect of K.S.A. 60-1905; however, recovery may be apportioned only among the "heirs" (or the synonymous term, "heirs at law") as stated in the statute.

We recognize the result reached herein may be harsh in particular cases. For example, under the present and prior wrongful death statutes, an invalid mother, father, brother or sister of the deceased who was totally dependent thereon is completely excluded from recovery by the existence of a surviving spouse or child, even though such spouse or child may have sustained a comparatively small loss.

In all likelihood, it would be impossible to draft a statute which would be fair to all persons in all cases. The legislature has spoken, however, by enacting the present statutes, and it is not the role of this court to speculate on possible improvements therein. The fundamental rule of statutory construction, to which all other rules are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Thomas County Taxpayers Ass'n v. Finney*, 223 Kan. 434, 573 P.2d 1073 (1978).

The statute herein is plain and unambiguous.

The judgment is reversed.

PRAGER, J., dissenting. I respectfully dissent. I would affirm the trial court and hold that, under the present wrongful death statute, K.S.A. 60-1901 *et seq.*, the parents, as "heirs at law" of a deceased son, are entitled to participate in the damages awarded for his wrongful death, even though the deceased son was sur-

vived by his spouse. The majority opinion sets forth in full the provisions of our former wrongful death act (G.S. 1961 Supp. 60-3203 and G.S. 1949, 60-3204) and compares it with the present act. (K.S.A. 60-1901 *et seq.*) I agree that under the former act the parents of a deceased person would have been precluded from maintaining an action for wrongful death if the decedent was survived by a widow. In my judgment, however, the adoption of our present wrongful death statute, effective January 1, 1964, changed the law in that regard and the statute now permits surviving parents as "heirs at law" to participate in the apportionment of damages awarded against the tortfeasor in a wrongful death case even though the son was survived by a widow.

The majority of the court have adopted a technical interpretation of the term "heirs at law" rather than the broad interpretation of the term which, I believe, was contemplated by the legislature at the time the statute was amended. The changes made by the adoption of the new statute are significant and should be briefly reviewed. These changes are summarized in *Frost v. Hardin,* 1 Kan. App. 2d 464, 571 P.2d 11 (1977), *approved and adopted* 224 Kan. 12, 577 P.2d 1172 (1978), which is discussed in the majority opinion. Under the former act a wrongful death action had to be brought by the personal representative, *if there was one.* If there was none, it could be brought by the widow. If there was no widow, *only then* could the action be brought by other blood relatives of the deceased. The present statute declares without equivocation that a wrongful death action may be brought by *any one of the heirs at law* who sustained a loss. Under the former act, the action had to be brought for the exclusive benefit of the surviving spouse and children, if any, and *if none survived,* for the next of kin. Under the new act, the action is brought for the benefit of *all of the heirs* who sustained a loss. The third distinction between the old and new statutes involves the distribution of the recovery. Under the old statute, any recovery had to be distributed *according to the statute governing personal property in cases of intestacy.* Under the new statute, distribution is to be made in proportion to the loss sustained by each of the heirs rather than under the former intestacy formula.

A dispute as to the effect of these changes is what has brought about the present controversy. The answer to our problem lies in the interpretation to be given the term "heirs at law" as used in

K.S.A. 60-1902, 60-1904, and 60-1905. The difficulty arises because the word "heirs" is often used in a broad or popular sense as well as in a technical sense. The word "heir or heirs" as used in the broad or popular sense, in contrast with the strict technical sense, is not restricted to those who *in fact* acquire property by right of descent. The common concept of the term is far broader and more inclusive, as descriptive of a class of persons who *may* by law inherit or who *are capable* of inheriting. *Egilbert v. Hall,* 44 Cal. App. 2d 305, 112 P.2d 291 (1941); *Tyler v. City Bank Farmers Trust Co.,* 314 Mass. 528, 50 N.E.2d 778 (1943); *West v. Glisson,* 184 S.W. 1042 (Tex. Civ. App. 1916). The word "heirs" is often employed to denote a person who *may* receive property, either personal or real, by right of blood relationship. *Matter of James,* 80 N.Y. Sup. Ct. 371, 30 N.Y.S. 1 (1894); *Adams v. Akerlund,* 168 Ill. 632, 48 N.E. 454 (1897); *Beals v. State,* 139 Wis. 544, 559, 121 N.W. 347 (1909). As used in this broad sense, the word "heir" means a blood relative who *may* inherit under the law.

As used in the technical sense, the term signifies one who *in fact* succeeds to the estate of a deceased person in case of intestacy. The technical interpretation is applied in the administration of a decedent's estate under our probate code. As noted above, under the old wrongful death law, an action had to be brought for the exclusive benefit of the surviving spouse and children, if any, or *next of kin.* I think it significant that the legislature, in amending the statute in 1964, deleted the term "next of kin" and used instead the term "all heirs known to have sustained a loss." As noted above, the old law also provided that the next of kin share in the award of damages in the same proportion as they shared in the deceased's estate. The new statute changed the method of distribution and directed that the total recovery be proportioned among the "heirs at law," not according to their intestate share, but according to their actual loss. It seems clear to me that it was the intent of the legislature, by the enactment of the present wrongful death act, to require an apportionment of the damages to the loss sustained by each heir. As pointed out in *Frost,* the priorities in classes of relatives who were permitted to recover in the event of wrongful death were *abolished.* Such a result is also suggested by Professor Casad in his logical analysis of the new wrongful death statute in *A*

*Commentary on the Kansas Wrongful Death Act,* 13 Kan. L. Rev. 515, 516-518 (1965).

Appellate courts in Michigan and Minnesota have interpreted their wrongful death acts in the manner suggested in this dissent. In *MacDonald v. Quimby,* 350 Mich. 21, 85 N.W.2d 157 (1957), the wrongful death statute provided (1) that the action was to be brought by the personal representative, (2) that the persons entitled to damages were those of the class entitled to inherit had deceased died intestate, and (3) that the distribution of recovery was to be to the "surviving spouse and next of kin" who suffered injury in proportion thereto. The action was brought by the surviving spouse on behalf of herself and the children of the decedent; the dependent mother of the deceased sought to intervene. In determining that the decedent's mother could share in the damages recovered, the court rejected a contention that "heirs at law" and "next of kin" were synonymous. The court stated:

"The petitioning mother was of a class who would be entitled to inherit the personal property of the deceased had he died intestate. The fact that she would not inherit if he died intestate leaving a wife and children would not eliminate her from that class." (p. 32.)

The court held the dependent mother could intervene in the wrongful death action.

In *Martz v. Revier,* 284 Minn. 166, 170 N.W.2d 83 (1969), the new wrongful death act allowed for recovery by the surviving spouse and next of kin, proportionate to the pecuniary loss. The prior Minnesota statute had provided for distribution of damages to the spouse and next of kin, the same as by intestacy. The question presented was whether surviving minor brothers and sisters could recover losses where there was a surviving, but disqualified father. The court followed the rationale of the Michigan case (*MacDonald*) and held that the *wrongful death act was no longer geared to the intestacy statute,* and, thus, the survival of a preferred beneficiary did not cancel out the rights of other next of kin (blood relatives) to share in the damages received in the wrongful death action. The court noted that other jurisdictions were split on the interrelationship of wrongful death statutes and statutes governing descent and distribution.

In *In re Appointment of Trustee for Heirs of Larsen,* 306 Minn. 364, 237 N.W.2d 371 (1975), the Minnesota statute provided that a wrongful death action was to be brought by the surviving

spouse or one of the next of kin. It was contended that the children of the deceased were the only next of kin and that the deceased's mother had no right to petition. The court held that "next of kin" in the wrongful death act was not synonymous with "heirs at law." Since the mother was a next of kin and the statute provided no preference among next of kin, she had the right to petition and participate in the recovery.

The injustice of the decision of the majority is well illustrated in the present case. The parents of the deceased have alleged in their petition that they incurred the cost of the funeral expenses to bury their son, Rex, in the amount of $2500. By virtue of the holding of the majority, they are left wholly without a remedy in spite of the fact that K.S.A. 60-1904 specifically includes the recovery of funeral expenses among the elements of damages recoverable in a wrongful death action. In my judgment, the legislature enacted our present wrongful death act to correct certain injustices which had existed under the former act. The legislative purpose obviously was to expand the right of recovery for wrongful death to include any blood relatives of the deceased *who suffered loss* as the result of the wrongful death. What else could the legislature have had in mind?

The new statute being remedial in nature should be liberally construed to achieve the legislative purpose. The majority, by narrowly construing the term "heirs at law" in the wrongful death act, have eliminated the primary benefits which the legislature sought to obtain by the statutory changes. For these reasons I cannot, in good conscience, join in the majority opinion in this case.

FROMME, J., joins in the foregoing dissenting opinion.