12

(610 P.2d 665)

No. 51,699

State of Kansas, *Appellee,* v. Stephen J. Fagan, *Appellant.*

Opinion filed May 16, 1980.

*Clinton C. Marker,* of Topeka, for the appellant.

*Sally Davis Pokorny,* Assistant District Attorney, *Robert T. Stephan,* Attorney General, and *Gene M. Olander,* District Attorney, for the appellee.

Before Foth, C.J., Rees and Parks, JJ.

Parks, J.: This is an appeal from a conviction on two counts of violating the motor vehicle inspection act. K.S.A. 1979 Supp. 8-1754(*a*) and 8-1758(*a*).

On February 6, 1979, Dee Jay Estes purchased a 1958 Pontiac Bonneville from Steve Fagan Classic Cars for $1,000. After several requests, Estes received a certificate of approval on February 23. The car not having left his custody since the sale, Estes became suspicious of the validity of the certificate and called the Kansas Highway Patrol. Trooper Jim Thompson was present during a safety inspection of the Pontiac on May 8, 1979. The car was found deficient in six areas and included an unsafe condition which Thompson testified could not have developed between the date of the sale and the inspection.

Defendant was convicted in a bench trial of failing to obtain a valid certificate of approval as required by K.S.A. 1979 Supp. 8-1758(*a*)(6), and causing a certificate to be issued without an inspection having been made, contrary to K.S.A. 1979 Supp. 8-1758(*a*)(2). Defendant presented no evidence to the trial court; instead he argued that he had no duty to obtain a safety inspection because the 1958 Pontiac was exempt from K.S.A. 1979 Supp. 8-1754(*a*).

K.S.A. 1979 Supp. 8-1754(*a*) provides that no motor vehicle subject to registration under the laws of this state, except new motor vehicles and those *registered* as antiques (K.S.A. 8-166 *et seq.*) or special interest vehicles (K.S.A. 8-194) shall be sold at

retail unless a valid certificate of approval has been issued not more than 90 days prior to the sale. The parties agree that the 1958 Pontiac sold to Estes meets the definition of a special interest vehicle although it was not registered as such.

Defendant attempts to create an additional exception to the motor vehicle inspection act by arguing that the registration statutes are ambiguous and should be liberally construed to exempt special interest vehicles sold by *dealers.* When a statute is plain and unambiguous, however, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979); *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 438-439, 573 P.2d 1073 (1978). Our review of K.S.A. 1979 Supp. 8-1754(*a*) discloses no ambiguity and no intention is expressed to exempt special interest vehicles sold by dealers.

We hold that the clear import of K.S.A. 1979 Supp. 8-1754(*a*) is that a special interest vehicle cannot be sold at retail unless it is duly registered in accordance with K.S.A. 8-194 and 8-195 or a certificate of approval has been issued for such vehicle within 90 days prior to the sale. Accordingly, the defendant's conviction for failure to obtain a valid certificate of approval prior to the sale is affirmed. Inasmuch as defendant's conviction on the second count was not raised in the brief, it is not before this court and his conviction on that charge must also stand.

Affirmed.